STATE OF TENNESSEE *ex rel. v.* W. B. HUMPHREYS *et al.,*

Cause No. 1316.

and

STATE OF TENNESSEE *ex rel. v.* HOYT L. LILLARD *et al.,*

Cause No. 1317.

(*Knoxville,* September Term, 1930.)

Opinion filed July 3, 1931.

CHAS. S. MAYFIELD and D. SULLINS STUART, for complainant, Cause No. 1316.

CHAS. C. GUINN and WINSTON H. PRINCE, for defendants, Cause No. 1316.

CHAS. C. GUINN and WINSTON H. PRINCE, for complainants, Cause No. 1317.

CHAS. S. MAYFIELD and D. SULLINS STUART, for defendants, Cause No. 1317.

Mr. Justice McKinney delivered the opinion of the Court.

These causes were consolidated for hearing. The first bill was filed by the new county board of education against the old board, enjoining them from acting as such. The second bill was filed by the old board against the new, seeking the same relief. The chancellor sustained a demurrer to the second bill and dismissd it. He also granted temporarily the relief prayed in the first bill, but declined to grant an appeal. Thereupon the old board filed a petition for writ of *certiorari*, which has heretofore been granted and argument heard. In granting the petition it was said by this court that the decree entered by the chancellor grants all the relief prayed for in the first bill, and is therefore in effect final as to each cause. Counsel do not question this holding, but agree that the causes may be determined upon their merits.

The record presents the single question as to the power of the Quarterly County Court of Polk County to remove members of the County Board of Education for failure to properly discharge their duties, and to appoint their successors. Such action was taken by the county court in this cause after a full hearing.

Section 9 of chapter 120, Acts of 1921, is as follows:

"That any of the members of the said County Board of Education may be removed from office for incompetency, or failure for any cause, properly to discharge their duties, by a majority vote of persons constituting the Quarterly County Court."

This is express authority for the action taken by the court. It is insisted, however, that the members of the court who voted to remove the old board were disqualified because they preferred the charges against its

members. It is well settled that a judge who is personally interested in the outcome of a suit, or who is related to any of the parties within the prohibited degree, is disqualified to hear and determine a case. It is not claimed that the members of the county court had any personal, as distinguished from official, interest in the case, or that they were related to the parties. This court could prefer charges of unprofessional conduct against a member of the bar and pass upon his guilt or innocence, provided they acted officially and not personally. So, also, a board of medical examiners may prefer charges against a licensed physician and deprive him of the right to practice his profession. Likewise, a board of education may prefer charges against a teacher and upon a hearing remove him. It is generally held that where the interest of the judge is general; for example, where the suit involves taxes and he is a taxpayer, and to that extent interested, he is not disqualified. Another rule applicable to these causes is thus stated in 15 Ruling Case Law, 541: "It is well established that the rule of disqualification of judges must yield to the demands of necessity, as, for example, in cases where, if applied, it would destroy the only tribunal in which relief could be had."

It is further said that the Act of 1921 is repealed by chapter 115, Acts of 1925. This latter act does not purport to expressly repeal the former. Section 38 provides: "That all laws and parts of laws in conflict with the provisions of this Act be and the same are hereby repealed."

It is the insistence of counsel for the old board that the Act of 1921 was repealed by the Act of 1925, both by operation of the above repealing clause and by the general rule that an act purporting to cover an entire subject repeals by implication all former statutes upon the

same subject. The former act is limited to the creation of boards of education in the several counties of the State, while the Act of 1925 deals generally with the school system of the State, is much more comprehensive in scope, and covers many phases of the system not found in the former Act. The Act of 1925 provides for a county·board of seven members, just as the Act of 1921 did, and the duties of the members of the board, as set forth in the two acts, are·substantially the same; but the Act of 1925 contains no provision for the removal of members of the board for incompetency or failure to discharge their duties. The question is, did the legislature intend to repeal this salutary provision contained in the Act of 1921? The Act of 1925 provides in express terms that only so much of former acts as are in conflict therewith are repealed. Section 9 of the Act of 1921 is not in conflict and is not therefore repealed.

In *McCord* v. *Marshall County*, 152 Tenn., 675, 680, it was held that the General School Law of 1925 did not repeal by implication chapter 10, Acts of 1911, authorizing counties to issue bonds for school purposes. The court in that case said: "Nothing short of irreconcilable conflict between two acts would accomplish repeal of the first act by implication."

In *Hunter* v. *Harrison*, 154 Tenn., 590, 595, it was insisted that chapter 71, Acts of 1923, which was an act to provide a general landlord's crop lien law, repealed by implication chapter 22, Acts of 1899, which makes one who sells the crop of a tenant subject to a landlord's lien and applies the proceeds to the tenant's indebtedness to him liable to the landlord. The court found that it was not necessary to decide the question, but said that "repeals by implication are not favored, and that the con-

flict relied on to destroy the older act must be apparent and beyond question."

On the other hand, in *James* v. *Meriwether Graham Oliver Company,* 152 Tenn., 528, it was held that section 2 of the Factors' Act was repealed by the Uniform Sales Act by implication, the two involved provisions being in conflict.

In *Haley* v. *State,* 156 Tenn., 85, 90, the court, in considering two criminal statutes, said: "The two acts are, therefore, repugnant, and the former must give way to the latter. There cannot exist at the same time two statutes prohibiting the same wrong where they prescribe different degrees of punishment."

From the principle announced in the foregoing cases, and many others that could be cited, it is now the settled rule in this State that repeal by implication will only be adjudged where the two acts are in conflict. Here there is no conflict, and we cannot say that the legislature intended to repeal section 9 of chapter 120 of the Acts of 1921.

It is finally insisted that the Act of 1921 is unconstitutional, for the reason that the body of the act is broader than its caption.

The title of the act is as follows:

"AN ACT to be entitled An Act to improve the Public School System of Tennessee by creating in each county a County Board of Education and prescribing its duties, by making the County Superintendent of Public Instruction Secretary and executive officer of said Board; prescribing the method of election of said Board members, defining their power and duties and the manner in which vacancies shall be filled; prescribing the power and duties of the County Superintendent of Public Instruction as Secretary and executive officer of said Board; providing

for the abolishment of County High School Board of Education, County Boards of Education, District School Directors and District Advisory Boards.''

Section 3 of the act is in this language:

''That when a vacancy occurs in the membership of said County Board of Education, the same shall be filled at the next regular meeting of the Quarterly County Court, and that vacancies shall be declared to exist for the following causes: Death, resignation, removal from the county, or removal from office.''

The caption provides for the filling of vacancies, and removal from office is a vacancy. The subject of the act is the creation of a County Board of Education in each county of the State. Hence the appointment and removal of members, as well as the other details of the act, are germane to the subject.

In *Goetz* v. *Smith,* 152 Tenn., 451, the court had under consideration an act the subject of which was the providing of a system for building public roads by a board of commissioners. Provision for the removal of commissioners was contained in the body but not the caption of the act. The court held the act valid. The question here involved was fully discussed in that case, and it is unnecessary to repeat what was said there.

After due consideration, we have concluded that the assignments of error are without merit and are therefore overruled. The decree of the chancellor holding that the county court had authority to remove the old board and appoint the new is affirmed. The temporary relief granted in the first styled suit is made permanent, and the defendants therein taxed with the costs.