## WALTER H. JOHNSON CANDY CO. v. FEDERAL TRADE COMMISSION.
### No. 5406.

Circuit Court of Appeals, Seventh Circuit.
June 29, 1935.

Rehearing Denied Sept. 21, 1935.

Irvin H. Fathchild, J. E. Beach, Charles J. Scofield, Jr., and L. A. Smoler, all of Chicago, Ill., for petitioner.

W. T. Kelley, Martin A. Morrison, and Henry C. Lank, all of Washington, D. C., for respondent.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

This matter comes before the court on a petition for review filed by the Walter H. Johnson Candy Company from an order issued by the Federal Trade Commission to cease and desist certain practices held to constitute an unfair method of competition.

The Commission found that petitioner was engaged in the manufacture and sale of candy in interstate commerce; that among the candies manufactured by it are certain boxes of candy known as lottery, prize, or draw·packages which are so assembled and packed as to be resold to the purchasing public, principally children, by lot or chance; that this constitutes a lottery or gaming device; that many competitors of petitioner regard such method of sale as morally bad and encouraging gambling among children, and therefore refuse to sell candy so packed and assembled, and are thereby put to a disadvantage in competing. The Commission held the use of such methods by petitioner to be injurious to the public and to competitors, and that it has resulted in the diversion of trade to petitioner and is a restraint upon, and a detriment to, the freedom of fair and legitimate competition in the candy industry. On the basis of these findings of fact, it issued the order to cease and desist which this court is asked to vacate in these proceedings.

■ It is contended by petitioner that the order which it challenges rests upon a record from which much of the evidence offered by petitioner was improperly excluded. The evidence excluded consisted, in large part, of the testimony of parents, educators, etc., that these confections were purchased extensively by religious denominational schools for resale to children and that they had a wholesome rather than a deleterious effect upon the moral development of the children. Other evidence which was excluded was the testimony of manufacturers of candy that they had no objection, moral or ·otherwise, to manufacturing and selling this candy.

The Commission properly excluded this evidence as irrelevant to the issues before it. Several manufacturers had testified that they felt the practice of selling these candies to be unscrupulous and that they could not descend to such a practice, and were therefore put to an unfair disadvantage in their business. That not all manufacturers believed the practice to be dishonest or that these manufacturers were mistaken in their beliefs was clearly immaterial and irrelevant. The very recent case of Federal Trade Commission v. R. F. Keppel & Bro., 291 U. S. 304, 54 S. Ct. 423, 426, 78 L. Ed. 814, involved facts strikingly similar to those here. The court there said: " * * * A trader may not, by pursuing a dishonest practice, force his competitors to choose between its adoption or the loss of their trade. A method of competition which casts upon one's competitors the burden of the loss of business unless they will descend to a practice which they are under a powerful moral compulsion not to adopt, even though it is not criminal, was thought to involve the kind of unfairness at which the statute was aimed."

In support of this contention it cites the cases of Federal Trade Comm'n v. Winsted Hosiery Co., 258 U. S. 483, 42 S. Ct. 384, 66 L. Ed. 729, and Federal Trade Comm'n v. Algoma Lumber Co., 291 U. S. 67, 54 S. Ct. 315, 78 L. Ed. 655.

■ Nor could the evidence have properly been admitted as proof that the proceeding was not brought in "the interest of the public." In the Keppel Case, supra, the Supreme Court held in respect to this same practice of sale and manufacture that it was of the sort which the common law and criminal statutes have long deemed contrary to public policy. The court said: "For these reasons a large share of the industry holds out against the device, despite ensuing loss in trade, or bows reluctantly to what it brands unscrupulous. It would seem a gross perversion of the normal meaning of the word, which is the first criterion of statutory construction, to hold that the method is not 'unfair.' "

In another part of the same opinion the court said: "If the practice is unfair within the meaning of the act, it is equally clear that the present proceeding, aimed at suppressing it, is brought, as section 5 of the act [15 USCA § 45] requires, 'in the interest of the public.' "

The other points raised by petitioner in its brief and upon oral argument have been

carefully considered, and this court finds that the questions raised were decided adversely to petitioner in the Keppel Case, supra.

The order of the Commission is affirmed.