## JAFFE v. FEDERAL TRADE COMMISSION.
### No. 8202.

Circuit Court of Appeals, Seventh Circuit.
Nov. 11, 1943.
Rehearing Denied Nov. 22, 1943.

Benjamin F. Morrison, of Chicago, Ill., for petitioner.

Joseph J. Smith, Jr., W. T. Kelley, Chief Counsel, and Donovan R. Divet, Special Attorney, for Federal Trade Commission, all of Washington, D. C., for respondent.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

This petition to review an order of the Federal Trade Commission directing petitioner to cease and desist supplying "push cards, pull cards, punch books or other devices which are used or may be used in the sale or distribution of cameras, radios, jewelry, and other merchandise to the public by means of a game of chance, gift enterprise, or lottery" is based on the assertion that there was no proof of a sale of merchandise to the public through the use of these push cards.

The evidence does disclose that in the year 1941 more than five and one-half million push cards were distributed by petitioner throughout the United States in the manner described, that is, through the mail. They went from Chicago, petitioner's home, to every state in the Union. The conclusion is inescapable that sales followed—otherwise petitioner's business would not have continued to thrive. Since the owner of the petitioner company testified that over fifty per cent of the company's sales of merchandise had been in connection with the push card business, the deduction is unavoidable that the merchandise was sold through and because of the lottery practices. In this connection, Mr. Jaffe, as a witness, admitted, "We built our entire business on this sales plan. We used these sales cards to sell our merchandise. The cards are so designed."

The finding of the Commission is supported by the evidence.

Moreover, proof of sales through the use of such push cards was unnecessary. No proof that sales actually resulted from such practices is required to make out a case against the malpractitioner for a violation of Sec. 5(a) of the Federal Trade Commission Act, 15 U.S.C.A. § 45(a).

We held in the Koolish case, Koolish v. Federal Trade Comm., 7 Cir., 129 F. 2d 64, and reiterate the ruling here, that supplying the means of conducting lotteries in the sale of merchandise is a practice contrary to the established public policy of the United States. It constitutes unfair competition in business and violates Sec. 5(a) of the Act in question. We specifical-

ly hold that proof that sales were made because of such lottery practices is not necessary to support an·order under this section.

The order of the Federal Trade Commission is affirmed. Petitioner is hereby ordered to forthwith comply with the order of the Commission.