## LOUGHRAN et al. v. FEDERAL TRADE COMMISSION.

### No. 12692.

Circuit Court of Appeals, Eighth Circuit.

June 29, 1944.

F. W. James, of Evanston, Ill., for petitioners.

Joseph J. Smith, Jr., Asst. Chief Counsel, Federal Trade Commission, of Washington, D.C. (W. T. Kelley, Chief Counsel, and Donovan R. Divet, Sp. Atty., Federal Trade Commission, both of Washington, D.C., on the brief), for respondent.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This proceeding is brought before us on petition to review and set aside an order to cease and desist issued by the Federal Trade Commission following a Commission complaint charging petitioners with unfair methods of competition in commerce and unfair practices in commerce, in violation of Section 5(a) of the Federal Trade Commission Act, as amended, 52 Stat. 111–112, 15 U.S.C.A. § 45(a). The order was issued after the petitioners had appeared and unsuccessfully moved to dismiss the complaint and after hearings had been had in which petitioners participated. The trial examiner who heard the evidence made his report and recommendations, and thereafter the proceeding regularly came on for hearing before the Commission. It made its findings as to the facts, and its conclusion, and entered the order here complained of.

The Commission found from the evidence that petitioners are individuals, trading as "Alma's Home Made Candies", having their principal office and place of business in Chicago, Illinois. In competition with others, they are engaged in the business of manufacturing candy which they sell and ship in interstate commerce to candy dealers. To promote the sale of their candy to the consuming public, petitioners supply with it a chance or lottery device, commonly known as a "push card", which is used by retailers to dispose of petitioners' candy by means of chance. The order they seek to reverse commands them to cease and desist from the practice in which they were found to be engaged, and from "selling or otherwise disposing of any

merchandise by means of a game of chance, gift enterprise, or lottery scheme."

It appears that after the trial examiner in the proceeding had set it down for hearing testimony on numerous occasions, upon due notice to petitioners, and had heard the evidence adduced and had afforded petitioners full opportunity to present their testimony, they petitioned the Commission that additional hearings be held for the purpose of taking further testimony, and on consideration of the petition the Commission denied it at regular session, November 2, 1942, and ordered the taking of testimony closed. Thereafter, on February 5, 1943, petitioners applied again to the Commission praying that the closing order be set aside and that additional testimony be taken. The Commission considered and denied the request, and the final decision it arrived at in the proceeding was based upon the testimony that had been taken at the several hearings between the filing of the complaint December 9, 1940, and the closing date, November 2, 1942.

On this review the petitioners made no contention that the findings of fact made by the Commission are not supported by substantial evidence in the record, but in the petition which they presented to the Commission on February 5, 1943, to set aside the closing order of November 2, 1942, they alleged that they would be able to and would adduce certain testimony in defense of the complaint if the closing order should be set aside and further hearings were granted. They now ask this court to consider the statements which it is asserted they could substantiate at further hearings, and the contentions they urge upon us are to the effect that the statements present a defense to the complaint and require reversal of the cease and desist order.

■ ■ But it was for the Commission to decide whether its closing order should be vacated and whether the hearing should be re-opened, Interstate Commerce Commission v. Jersey City, 64 S.Ct. 1129, and petitioners have not presented to this court any record upon which it could even inquire into the propriety of the Commission's ruling on that issue. They have not printed any parts of the record that might throw light on any issues pertinent to that ruling and have no standing here to obtain review of it. Rule 10(a), C.C.A., 8th Circuit.

■ Petitioners contend under one of their points relied on that the Commission denied them opportunity to introduce evidence to show that the Commissioners had disqualified themselves from sitting in the proceeding as an impartial fact finding body. But aside from the fact, as shown by the record, that no such issue was tendered in the proceedings by timely motion or pleading, or by timely offer of proof before the case was closed, and that there is no evidence whatever in the record, received or tendered, impugning the fair impartiality of any member, the Federal Trade Commission Act establishes the composition of the Commission and contains no provision for change of venue. The "stern rule of necessity" required the Commission to act in the proceeding. Brinkley v. Hassig, 10 Cir., 83 F.2d 351; State v. Houser, 123 Wis. 534, 100 N.W. 964, 978; United States v. Morgan, 313 U.S. 409, 420, 421, 61 S.Ct. 999, 85 L.Ed. 1429; Evans v. Gore, 253 U.S. 245, 247–248, 40 S.Ct. 550, 64 L.Ed. 887, 11 A.L.R. 519; Gordy v. Dennis, 176 Md. 106, 5 A.2d 69, 70; Montana Power Co. v. Public Service Commission, D.C., 12 F.Supp. 946, 948–950; State v. Humphreys, 163 Tenn. 20, 40 S.W.2d 405, 406; Zober v. Turner, 106 N.J.L. 86, 148 A. 894, 895; McCoy v. Handlin, 35 S.D. 487, 153 N.W. 361, 363–369, L.R.A.1915E, 858, Ann.Cas.1917A, 1046. See also cases collected in Note 39 A.L.R. 1476 (1925). We think the contention is without merit.

■ Petitioners contend under their other three points relied on that their practice of distributing their game of chance, lottery or gambling devices called "punch cards" is not a party of the candy business but is something separate and apart from that business. They characterize the practice as knavish, but argue that the Federal Trade Commission could do nothing about it because competition in the candy business was unaffected by it, and that it did not touch the public interest in unfair competition or unfair practices in commerce with which the Commission is concerned.

Although we have carefully considered all the arguments in support of these contentions, we are unable to find any merit in them. The Commission found as a fact that the petitioners, in the course of their business of manufacturing and selling candy in interstate commerce, pursued a method which is fully described in the findings,

whereby they supplied to and placed in the hands of others the means of conducting lotteries in the sales of their products, and that the sale of candy to the consuming public by their plan or method involves a game of chance or the sale of a chance to obtain merchandise at prices which are much less than the normal retail price of such merchandise. "Among [their] competitors are those who do not use such methods, or any method involving a game of chance, or lottery scheme." The argument for petitioners to the effect that petitioners merely distribute gaming devices to stimulate gambling in general and not as a part of their method of selling candy, contradicts the Commission's finding by which they are bound, and the evidence taken in the proceeding (which is before us) refutes it.[1]

While it may be true that the scheme here involved competed with similar games of chance, it is no less true that petitioners' "chance business" was in active competition with traders in candy who pursued conventional business practices and adopted profit mark-ups and adjustments based on normal sales formulas. It seems to us to depart from logic or reality to argue that the purchase of chances was motivated by a desire to gamble only as distinguished from a desire to obtain candy, that the only persons who purchased chances were those inspired by the incentive to gamble, or that no interference with or diversion from sales by those engaged in the candy trade was occasioned. Petitioners' argument that it competes only with other dealers in games of chance was presented in Bunte Bros., Inc., v. Federal Trade Commission, 7 Cir., 104 F.2d 996, and in Ostler Candy Co. v. Federal Trade Commission, 10 Cir., 106 F.2d 962, and rejected correctly, it seems to us. Nor are we persuaded that petitioners are in a better position because the type of chance involved is the kind in which the purchaser receives nothing if he loses, as distinguished from the kind in which the purchaser receives a small piece of candy whether he wins or loses. See Bunte Bros., Inc. v. Federal Trade Commission, supra. The Commission's finding of diversion of a substantial part of trade from straight candy to chance candy is substantiated in evidence and the diversion by the method described was properly forbidden by the Commission.

The order of the Commission on the facts found on substantial evidence is fully in accord with the following, among other, cases: Federal Trade Commission v. R. F. Keppel & Brother, 291 U.S. 304, 313, 314, 54 S.Ct. 423, 78 L.Ed. 814; Douglas Candy Co. v. Federal Trade Commission, 8 Cir., 125 F.2d 665, 668; Federal Trade Commission v. F. A. Martoccio Co., 8 Cir., 87 F.2d 561, 562, 563, certiorari denied, 301 U.S. 691, 57 S.Ct. 794, 81 L.Ed. 1347; Jaffe v. Federal Trade Commission, 7 Cir., 139 F.2d 112; Wolf v. Federal Trade Commission, 7 Cir., 135 F.2d 564, 566–567; Ostler Candy Co. v. Federal Trade Commission, 10 Cir., 106 F.2d 962, 965, certiorari denied, 309 U.S. 675, 60 S.Ct. 713, 84 L.Ed. 1020; Minter v. Federal Trade Commission, 3 Cir., 102 F.2d 69; Keller v. Federal Trade Commission, 7 Cir., 132 F.2d 59, 61; Helen Ardelle, Inc. v. Federal Trade Commission, 9 Cir., 101 F.2d 718, 719–720; Walter H. Johnson Candy Co. v. Federal Trade Commission, 7 Cir., 78 F.2d 717, 718; Federal Trade Commission v. Raladam Company, 316 U.S. 149, 152, 62 S.Ct. 966, 86 L.Ed. 1336. This court's order of enforcement should issue. Respondent has requested taxation of costs in its favor on account of the printing of an abstract of record filed by it, but as the same was not called for or authorized by the court and was not essential, the request is denied.

[1] The Commission found that petitioners "are and have been in substantial competition with other individuals and corporations, engaged in the sale and distribution of candy in commerce among and between the various states * * *. The sale of candy to the consuming public by the plan or method described above involves a game of chance or the sale of a chance to obtain merchandise at prices which are less than the normal retail price of such merchandise. * * * The use of such method by respondents has the tendency and capacity to divert, and has diverted, substantial trade unfairly to respondents from such competitors."