CONSOLIDATED MFG. CO. et al. v. FEDERAL TRADE COMMISSION.

CONTAINER MFG. CO. et al. v. FEDERAL TRADE COMMISSION.

SUPERIOR PRODUCTS et al. v. FEDERAL TRADE COMMISSION.

Nos. 6428–6430.

United States Court of Appeals Fourth Circuit.

Argued Oct. 9, 1952.

Decided Oct. 11, 1952.

Alexander Blumenthal, New York City (Glassgold & Blumenthal, New York City, on the brief), for petitioners.

Alan B. Hobbes, Sp. Atty., Federal Trade Commission, Washington, D. C. (W. T. Kelley, Gen. Counsel, Federal Trade Commission and Robert B. Dawkins, Asst. Gen. Counsel, Federal Trade Commission, Washington, D. C., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

These are petitions to review and set aside orders of the Federal Trade Commission, which, on its part, asks that the or-

ders be enforced. The orders complained of direct petitioners to cease and desist from selling or distributing in commerce as defined in the Federal Trade Commission Act, 15 U.S.C.A. § 41 et seq. "push cards, punchboards or other lottery devices which are to be used or may be used in the sale or distribution of merchandise to the public by means of a game of chance, gift enterprise or lottery scheme". Petitioners contend that the Commission is without jurisdiction over them because they merely sell in commerce the punchboards and not the merchandise which is sold or distributed as a result of the operation of the boards, their argument being that the sale of the boards does not involve any "unfair methods of competition" or any "unfair or deceptive acts or practices" when considered apart from the merchandise sold or distributed in connection with their operation. This position was adequately answered in the opinion of Mr. Justice Minton, then a Circuit Judge, speaking for the Court of Appeals of the Seventh Circuit in Modernistic Candies v. Federal Trade Commission, 7 Cir., 145 F.2d 454, 455, wherein he said:

> "It is clear that the Federal Trade Commission has the power to eradicate merchandising by gambling in interstate commerce. We think the Commission also has the power to prohibit the distribution in interstate commerce of devices intended to aid and encourage merchandising by gambling. The gamblers and those who deliberately and designedly aid and abet them are both engaged in practices contrary to public policy. Merchandising by gambling should not be divided into insulated acts, which appear innocent when examined separately. This un-

fair practice should be viewed as a whole. If the Federal Trade Commission is to police merchandising by gambling, it must police those who designedly and deliberately aid and abet this practice. We think the Commission has such power."

The decision of the Court of Appeals of the Seventh Circuit is squarely in point here. So also are the decisions in four other Circuits. See Charles A. Brewer & Sons, Inc. v. Federal Trade Commission, 6 Cir., 158 F.2d 74; Globe Cardboard Novelty Co. v. Federal Trade Commission, 3 Cir., 192 F.2d 444; Bork Manufacturing Co. v. Federal Trade Commission, 9 Cir., 194 F.2d 611; Lichtenstein v. Federal Trade Commission, 9 Cir., 194 F.2d 607; Hamilton Manufacturing Co. v. Federal Trade Commission, D.C.Cir., 194 F.2d 346. No judge anywhere has expressed a contrary opinion and nothing to the contrary can be worked out arguendo from Federal Trade Commision v. Bunte Bros., 312 U.S. 349, 61 S.Ct. 580, 85 L.Ed. 881, which held merely that the Commission was without power over purely intrastate transactions.

■ We agree with the Court of Appeals of the Third Circuit, 192 F.2d 444, 448, that the order complained of is not too broad and that, properly interpreted, it prohibits "only the distribution in interstate commerce of any push card, punchboard or other device which is designed to serve as an instrumentality for the sale of articles of merchandise by lottery methods."

The orders of the Commission will be affirmed and an order will be entered by this court enforcing them in accordance with the provisions of 15 U.S.C.A. 45(c).

Affirmed and enforced.