SURF SALES COMPANY et al.,
Petitioners,

v.

FEDERAL TRADE COMMISSION
Respondent.

No. 12222.

United States Court of Appeals
Seventh Circuit.

Oct. 9, 1958.

Eli E. Fink, Chicago, Ill., for petitioners.

James E. Corkey, Asst. Gen. Counsel, John W. Carter, Jr., Atty., Federal Trade Commission, Washington, D. C. (Earl W. Kintner, General Counsel, Washington, D. C., for respondent.

Before MAJOR, HASTINGS and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

Petitioners here seek to set aside a Federal Trade Commission order to cease and desist from using lottery methods and devices in the sale of merchandise in interstate commerce.

They state in their brief that:

*"The primary purpose of this petition* is to obtain a reversal of the Order against the petitioner Samuel Specter. The corporate petitioner and its president, petitioner Marsh, have virtually discontinued their business but are interested in obtaining a reversal of the Order against themselves, having in mind that any such reversal would automatically inure to the benefit of Specter. As an ordinary employee of the corporate petitioner, the personal record and reputation of Specter should not have been besmirched by the cease and desist order of the Commission. The Commission did not prove a case against Specter."

With this in mind we now consider the contested issues enunciated by the petitioners as follows:

"1. Is there substantial evidence to support the essential findings of the respondent Commission?

"2. Does the respondent Commission have jurisdiction to prohibit the mailing of push cards in interstate commerce?"

■ The second issue has been decided in the affirmative so conclusively that it is no longer open to question. In fact, the petitioners admit in their brief that various Circuit Courts of Appeals have held that "the furnishing in interstate commerce of material which can be used to operate and conduct a lottery constitutes an unfair and deceptive act and practice in commerce and is against the public interest."

■ Under § 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45, "unfair or deceptive acts or practices in commerce, are declared unlawful" and the Federal Trade Commission is thereby empowered to prevent the use thereof. The law is now firmly established that the practice of selling goods by means which involve a game of chance, gift enterprise or lottery, including push cards such as we have here, is contrary to the established public policy of the United States and the sale and distribution, in interstate commerce, of such devices designed for the purpose of selling merchandise by games of chance or lottery is violative of the Federal Trade Commission Act. Wolf v. F.T.C., 7 Cir., 1943, 135 F.2d 564; Modernistic Candies v. F.T.C., 7 Cir., 1944, 145 F.2d 454; Chas. A. Brewer & Sons v. F.T.C., 6 Cir., 1946, 158 F.2d 74; Globe Cardboard Novelty Co. v. F.T.C., 3 Cir., 1951, 192 F.2d 444; Lichtenstein v. F.T.C., 9 Cir., 1952, 194 F.2d 607; Consolidated Mfg. Co. v. F.T.C., 4 Cir., 1952, 199 F.2d 417; Zitserman v. F.T.C., 8 Cir., 1952, 200 F.2d 519; Gay Games, Inc., v. F.T.C., 10 Cir., 1953, 204 F.2d 197; James v. F.T.C., 7 Cir., 1958, 253 F.2d 78. The petitioners have offered no good reason, and we certainly know of none, why we should hold to the contrary now.

The only other contested issue focuses our attention on the question of whether the findings of the Commission are supported by substantial evidence.

The Commission adopted the findings of fact of the Hearing Examiner who found that petitioner corporation is incorporated under the laws of Illinois with its principal place of business in Chicago, Illinois; that petitioner Thomas F. Marsh is president of the corporation and petitioner Samuel Specter was either the manager of the corporation or had and did exercise the authority and direction of its affairs which that office connotes; that the petitioners were engaged in the sale and distribution of merchandise by means of games of chance, gift enterprises or lottery schemes consisting of push cards transported from their office in Chicago, Illinois in interstate commerce; that the sales of petitioners' merchandise by means of said push cards were made pursuant to the instructions contained in the literature sent out by the petitioners; and whether a purchaser received an article of merchandise, having a value substantially greater than the price paid for each chance or push, or nothing for the amount of money paid is thus determined wholly by chance and constitutes an unfair act and practice in commerce within the intent and meaning of the Federal Trade Commission Act.

The answer of the petitioners admitted distribution of literature describing the merchandise and sales thereof to the public and the evidence conclusively shows distribution between Illinois and California and sales and distribution in Indiana. Thus in the posture this case comes to us, as cast by the petitioners, it is apparent that Surf Sales Company and Marsh cannot seriously contest the cease and desist order on the ground that the findings are not supported by substantial evidence.

We have read and carefully considered all of the evidence in this record. The petitioners offered no evidence and, therefore, the evidence is undisputed and uncontradicted. There is substantial evidence in this record to adequately prove that Surf Sales sold and distributed merchandise by means of push cards constituting unfair acts and practices, James v. F.T.C., 7 Cir., 1958, 253 F.2d 78, and that they did so in interstate commerce. Railroad Commission of Louisiana v. Tex. & P. Ry. Co., 1913, 229 U.S. 336, 33 S.Ct. 837, 57 L.Ed. 1215; Ford Mo-

tor Company v. F.T.C., 6 Cir., 1941, 120 F.2d 175, 183.

The only contention the petitioners really press is that the cease and desist order should not continue against Samuel Specter individually.

Two witnesses, Charles W. Johnson an attorney-investigator for the Federal Trade Commission and John Steffen of Dun & Bradstreet, individually visited the Surf Sales Company office seeking information. Johnson went once and Steffen, a disinterested party, went there on three different occasions. Both testified that when they asked to see an official of the company Samuel Specter responded as such. Steffen testified that Specter told him that he was the manager for the company and that the other officials were in Florida. When Johnson asked Specter for the company's representative mailings Specter had a typical mailing addressed to a person in Los Angeles, California which had been returned because of misdirection, "and he (Specter) gave me (Johnson) that envelope which contained descriptive literature, and a sales card or punch card, which he (Specter) said was typical of all mailings the company made." The uncontradicted evidence is that Specter was the only official of the company present when Steffen was there and regardless of title, Specter had and did exercise authority, responsibility and direction of the affairs of Surf Sales Company. The Commission was fully justified in so finding and that finding is certainly supported by substantial evidence. Specter was no ordinary employee and did direct and have sufficient control of the policies and sales activities of Surf Sales Company to authorize a cease and desist order against him individually.

It is to be noted in this connection that Specter was present at the hearing and was fully aware of the testimony of Johnson and Steffen. Certainly Marsh and Specter were the ones able to refute the testimony as to Specter's authority. The expressed interest of Marsh in Specter and his professed concern for the order being against him clearly indicates his ostensible willingness to be a witness for Specter. We recognize that the burden upon the respondent to prove its case by substantial evidence cannot be met by failure of Specter to testify or call witnesses in his behalf but his failure to so do creates a presumption that the testimony would have been unfavorable to him. Local 167 of International Brotherhood of Teamsters, Chauffeurs, Stablemen & Helpers of America v. United States, 1934, 291 U.S. 293, 298, 54 S.Ct. 396, 78 L.Ed. 804; Bowles v. Lentin, 7 Cir., 1945, 151 F.2d 615, 619.

The petition is denied.