Max H. GOLDBERG, Trading under the name of Novel Company, Petitioner,

v.

FEDERAL TRADE COMMISSION, Respondent.

No. 12911.

United States Court of Appeals Seventh Circuit.

Oct. 17, 1960.

Franklin M. Lazarus, Chicago, Ill., Frank E. and Arthur Gettleman, Chicago, Ill., for petitioner.

E. K. Elkins, Attorney, Federal Trade Commission, Washington, D. C., Daniel J. McCauley, Jr., General Counsel, Alan B. Hobbes, Asst. General Counsel, Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

HASTINGS, Chief Judge.

This is a petition to review and set aside an order of the Federal Trade Commission requiring petitioner, Max H. Goldberg, trading under the name of Novel Company, to cease and desist from the sale or distribution of merchandise by means of a lottery scheme in violation of the Federal Trade Commission Act, 15 U.S.C.A. § 45 et seq.[1]

The Commission's complaint, filed January 14, 1959, charged petitioner (respondent below) in substance with selling and distributing merchandise in interstate commerce and that in so doing he furnished push cards to be used in the sale of such merchandise to the public by means of chance and lottery. Petitioner answered the complaint, admitted his identity and denied generally the other allegations.

Following a hearing held before an examiner, an initial decision was rendered on June 5, 1959, in which detailed findings of fact were made consistent with the charges in the complaint. The examiner concluded there was a violation of the Federal Trade Commission Act and entered a provisional order to cease and desist; petitioner appealed to the Commission.

Upon consideration of briefs and oral argument, on November 23, 1959, the Commission denied the appeal and adopted the examiner's decision and order. That part of the order we are asked to review directs petitioner, in connection with the offering for sale, sale or distribution of any merchandise in commerce, forthwith to cease and desist from:

"1. Supplying to or placing in the hands of others pull cards, push cards or other lottery devices, either with merchandise or separately, which are designed or intended to be used in the sale or distribution of respondent's [petitioner's] merchandise to the public by means of a game of chance, gift enterprise or lottery scheme.

"2. Selling or otherwise disposing of any merchandise by means of a game of chance, gift enterprise, or lottery scheme."

Petitioner acknowledges that the findings of fact are not disputed and that there is no conflict in the evidence. The following relevant facts are well established.

Petitioner's place of business is in Chicago, Illinois, from which he sells and distributes through interstate commerce dolls, clocks, electric appliances and other items of merchandise by means of push cards, resulting in sales of about $500,000 annually. He mails the push cards to operators and to members of the public with pertinent literature and instructions explaining the lottery scheme. The prospective customers may sell chances from the cards and remit the proceeds to petitioner, who then mails the merchandise called for by the particular cards.

1. The pertinent provision of the Act, 15 U.S.C.A. § 45(a) (1), reads:
"Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful."

The scheme is described fully in the findings of fact and need not be detailed here. It is a typical push card lottery-merchandising operation. It is essentially similar on the facts to numerous other cases considered in the past by the Commission and the courts.

Petitioner advances two basic arguments in seeking to set aside the order of the Commission. He first contends that the Commission does not have jurisdiction to prohibit the mailing of push cards in interstate commerce and that his mail order business does not violate the Federal Trade Commission Act. He further asserts that his business operation is not contrary to the established public policy of the United States. Each of these arguments has been previously considered and rejected by the courts.

In Surf Sales Company v. Federal Trade Commission, 7 Cir., 1958, 259 F. 2d 744, at page 746, we said:

"Under § 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45, 'unfair or deceptive acts or practices in commerce, are declared unlawful' and the Federal Trade Commission is thereby empowered to prevent the use thereof. The law is now firmly established that the practice of selling goods by means which involve a game of chance, gift enterprise or lottery, including push cards such as we have here, is contrary to the established public policy of the United States and the sale and distribution, in interstate commerce, of such devices designed for the purpose of selling merchandise by games of chance or lottery is violative of the Federal Trade Commission Act." [2]

The landmark case is Federal Trade Commission v. R. F. Keppel & Bro., Inc., 1934, 291 U.S. 304, 54 S.Ct. 423, 78 L. Ed. 814. There the Supreme Court condemned a merchandising operation that "employs a device whereby the amount of the return they [the customers] receive from the expenditure of money is made to depend upon chance." Id. 291 U.S. at page 313, 54 S.Ct. at page 426. It held that the practice was an unfair method of competition within the meaning of the statute and was of the sort deemed contrary to public policy. Petitioner contends that the holding in Keppel is limited to its facts and that from the holding no "established public policy" can be said to be forthcoming. He further urges that the numerous holdings by the Courts of Appeals to the contrary have drawn from Keppel more than is justified. We do not agree.

2. To the same effect from this circuit, see James v. Federal Trade Commission, 7 Cir., 1958, 253 F.2d 78; Modernistic Candies v. Federal Trade Commission, 7 Cir., 1944, 145 F.2d 454, 455; Jaffe v. Federal Trade Commission, 7 Cir., 1943, 139 F.2d 112, certiorari denied, 321 U.S. 791, 64 S.Ct. 790, 88 L.Ed. 1081; Wolf v. Federal Trade Commission, 7 Cir., 1943, 135 F.2d 564, 567; Koolish v. Federal Trade Commission, 7 Cir., 1942, 129 F.2d 64, certiorari denied, 317 U.S. 683, 63 S.Ct. 205, 87 L.Ed. 547; Kritzik v. Federal Trade Commission, 7 Cir., 1942, 125 F.2d 351, 352; National Candy Co. v. Federal Trade Commission, 7 Cir., 1939, 104 F.2d 999, 1005, certiorari denied, 308 U.S. 610, 60 S.Ct. 174, 84 L.Ed. 510; Chicago Silk Co. v. Federal Trade Commission, 7 Cir., 1937, 90 F.2d 689, 691, certiorari denied, 302 U.S. 753, 58 S. Ct. 281, 82 L.Ed. 582.

Among the more recent cases from other circuits in support of this view are Rosten v. F. T. C., 2 Cir., 1959, 263 F.2d 620; Drath v. Federal Trade Commission, 1956, 99 U.S.App.D.C. 289, 239 F.2d 452, certiorari denied, 353 U.S. 917, 77 S.Ct. 666, 1 L.Ed.2d 664; Seymour Sales Company v. Federal Trade Commission, 1954, 94 U.S.App.D.C. 403, 216 F.2d 633, 635, 636, certiorari denied, 348 U.S. 928, 75 S.Ct. 340, 99 L.Ed. 727; Gay Games v. Federal Trade Commission, 10 Cir., 1953, 204 F.2d 197, 199; Zitserman v. Federal Trade Commission, 8 Cir., 1952, 200 F.2d 519, 522; Lichtenstein v. Federal Trade Commission, 9 Cir., 1952, 194 F.2d 607, 609, 610, certiorari denied 344 U.S. 819, 73 S.Ct. 15, 97 L.Ed. 638; Globe Cardboard Novelty Co. v. Federal Trade Com'n., 3 Cir., 1951, 192 F.2d 444, 446; and Chas. A. Brewer & Sons v. Federal Trade Com'n., 6 Cir., 1946, 158 F.2d 74, 78.

Mindful of the admonition that no conclusions are to be drawn from the denial of certiorari by the Supreme Court, it may be noted in passing that the opinion in Keppel is the last statement on this subject by that Court since 1934. All holdings by Courts of Appeals since then have been contrary to petitioner's contentions. We are content to follow them here. We reaffirm our holding in Surf Sales, supra, and the other cited cases from this court.

We hold that the Commission's order to cease and desist was properly issued, and it is now affirmed.

It is ordered that the petition for review be denied and that the Commission's order be enforced.

Petition denied.

Enforcement ordered.