284 F.2d 825
 PEERLESS PRODUCTS, INC., a corporation and Marshall Maltz, Rose Maltz and Shirley Maltz, individually and as officers of said corporation, Petitioners,
v.
FEDERAL TRADE COMMISSION, Respondent.
 No. 13034.
 United States Court of Appeals Seventh Circuit.
 November 30, 1960.
 Rehearing Denied December 29, 1960.
 
 Simon Herr, Chicago, Ill., for petitioners.
 Alan B. Hobbes, Asst. Gen. Counsel, James McI. Henderson, Atty., Daniel J. McCauley, Jr., Gen. Counsel, Jno. W. Carter, Jr., Atty., Federal Trade Commission, Washington, D. C., for respondent.
 Before HASTINGS, Chief Judge, and DUFFY and MAJOR, Circuit Judges.
 HASTINGS, Chief Judge.
 
 
 1
 This is a petition to review and set aside an order of respondent Federal Trade Commission requiring petitioners Peerless Products, Inc., a corporation, and Shirley Maltz, as an officer of Peerless, and Marshall Maltz, individually and as an officer of Peerless,[1] to cease and desist from "[s]elling or distributing in commerce * * * punchboards or other devices which are designed or intended to be used in the sale or distribution of merchandise to the public by means of a game of chance, gift enterprise or lottery scheme." Such order was issued at the conclusion of the normal administrative process within the Commission.
 
 
 2
 At the outset, we reaffirm that the "law is now firmly established that the practice of selling goods by means which involve a game of chance, gift enterprise or lottery, including push cards such as we have here, is contrary to the established public policy of the United States and the sale and distribution, in interstate commerce, of such devices designed for the purpose of selling merchandise by games of chance or lottery is violative of the Federal Trade Commission Act."[2] Surf Sales Co. v. Federal Trade Commission, 7 Cir., 1958, 259 F.2d 744, 746. See the multitude of cases to the same effect cited in Goldberg v. Federal Trade Commission, 7 Cir., 1960, 283 F.2d 299.
 
 
 3
 Petitioners first contend that the evidence is not sufficient to sustain the Commission's order. An examination of the evidence in the record reveals that petitioners shipped punchboards from Peerless' plant in Chicago, Illinois, to customers in Ohio, Pennsylvania, and Washington. These punchboards were of a conventional type, similar in construction to those which have been the subject of repeated litigation in many cases before this court. Cf., James v. Federal Trade Commission, 7 Cir., 1958, 253 F.2d 78, 79-80. Most of the boards were "plain boards" which had no legend printed upon them designating the winning numbers and prizes. However, there was substantial testimony from petitioners' customers that they easily had adapted these plain boards for the distribution of merchandise by lottery and that the adapted boards were used primarily to distribute merchandise rather than cash prizes. In addition, there was testimony that in certain instances Peerless furnished its customers with "flares" (legends describing prizes and winning numbers) which they could attach to plain boards in adapting them for the distribution of merchandise as prizes.
 
 
 4
 The evidence in this case fully supports the Commission's findings, and under such circumstances the Commission properly issued its cease and desist order against petitioners. 15 U.S.C.A. § 45(a) (6). By the sale and interstate shipment of its punchboards, petitioners have supplied and placed in the hands of third persons the means of and instrumentalities for engaging in unfair acts of distributing merchandise by lottery in violation of the Act. Since the evidence indicates that such punchboards were designed and used primarily for the distribution of merchandise by lottery, it is no defense that in the main third parties attached to the boards the legends of winning numbers and merchandise prizes or that such boards could possibly be adapted as money boards giving only cash prizes.
 
 
 5
 In its brief and on oral argument the Commission concedes that it has no statutory authority to regulate the flow in interstate commerce of punchboards designed and intended to be used solely as money boards. This question, however, is not before us here, since the Commission's order is explicitly limited to the shipment of punchboards or other devices designed or intended to be used in the sale or distribution of merchandise.[3]
 
 
 6
 Petitioners, in addition, contend that local policy sanctioning the use of merchandise boards, evidenced here by certain municipal ordinances in the State of Washington, limits the power of the Commission over unfair or deceptive acts of competition in interstate commerce. We disagree. Unless Congress specifically withdraws authority in particular areas, the Commission, upon its general grant of authority under 15 U.S.C.A. § 45(a) (6), can restrain unfair business practices in interstate commerce even if the activities or industries have been the subject of legislation by a state or even if the intrastate conduct is authorized by state law. Royal Oil Corp. v. F.T.C., 4 Cir., 1959, 262 F.2d 741, 743; Lichtenstein v. Federal Trade Commission, 9 Cir., 1952, 194 F.2d 607, 609-10, certiorari denied 344 U.S. 819, 73 S.Ct. 15, 97 L.Ed. 638. In this case there is no congressional limitation on the Commission's use of its full power to order petitioners to cease shipping in commerce punchboards designed for distribution of merchandise when such shipment is so clearly a violation of federal policy as indicated in Surf Sales, supra. A local ordinance cannot here circumscribe the plenary power granted to the Commission to police unfair and deceptive practices in interstate commerce.
 
 
 7
 We hold that the Commission's order to cease and desist was properly issued, and it is now affirmed.
 
 
 8
 It is ordered that the petition for review be denied and that the Commission's order be enforced.
 
 
 9
 Petition denied. Enforcement ordered.
 
 
 
 Notes:
 
 
 [1]
 The Hearing Examiner dismissed additional charges in the Commission's complaint against Shirley Maltz, individually, and against Rose Maltz, individually and as an agent of Peerless
 
 
 [2]
 The pertinent provision of the Act, 15 U.S.C.A. § 45(a) (1), reads:
 "Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful."
 
 
 [3]
 The relevant text of the Commission's cease and desist order follows:
 "It is Ordered that respondents, Peerless Products, Inc., a corporation, and its officers, and Shirley Maltz, as an officer of said corporation, and Marshall Maltz, individually and as an officer of said corporation, and respondents' agents, representatives, employees, successors and assigns, directly or through any corporate or other device, do forthwith cease and desist from:
 "Selling or distributing in commerce, as `commerce' is defined in the Act, punchboards or other devices which are designed or intended to be used in the sale or distribution of merchandise to the public by means of a game of chance, gift enterprise or lottery scheme."