**456**

WREN SALES COMPANY, Inc., and Julius Rosenstein, Eleanor Rosenstein and Celia Seiden, individually and as officers of Wren Sales Company, Inc., Petitioners,

v.

FEDERAL TRADE COMMISSION, Respondent.

No. 13355.

United States Court of Appeals Seventh Circuit.

Nov. 16, 1961.

Harold Friedman and Bass & Friend, New York City, for petitioners.

Alan. B. Hobbes, Asst. Gen. Counsel, Miles J. Brown, James McI. Henderson, General Counsel, and J. B. Truly, Acting Asst. Gen. Counsel, Washington, D. C., Attorneys for the Federal Trade Commission, for respondent.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

The petitioners, Wren Sales Company, Inc., and Julius Rosenstein, Eleanor Rosenstein, and Celia Seiden, individually and as officers of Wren Sales Company, Inc., seek review of an order issued by the Federal Trade Commission directing the petitioners to cease and desist from:

(a) Supplying to, or placing in the hands of others, push cards or any other lottery device, either with merchandise or separately, which are designed or intended to be used in the sale of [petitioners'] merchandise to the public by means of a game of chance, gift enterprise, or lottery scheme.

(b) Selling or otherwise disposing of any merchandise, wares or goods by means of a game of chance, gift enterprise, or lottery scheme.

The facts are substantially undisputed. The petitioners operate a mail order enterprise, through which various kinds of merchandise are sold in almost all of the states. In the proceedings before the Federal Trade Commission, the Hearing Examiner found that the petitioners mailed push cards to members of the public, together with instructions and circulars which explained the petitioners' plan for selling and distributing their merchandise through use of such push cards. The cards contain a number of partially perforated discs, each labeled with a short name. The card includes a listing of these names with a space for adding the name of the purchaser of each disc. Within the disc is concealed a coded number which indicates the price the purchaser of each "push" pays. None costs more than 39 cents. After sale of all the discs, the recipient of the card then remits the total sum to the petitioners, who send him two items, one for himself and one for the purchaser of the "lucky" disc, the identity of which is discovered by breaking the master seal on the card. Usually other, smaller prizes are provided for two other "lucky" disc

purchasers. The amount paid by the purchasers of the discs, and whether such purchasers receive a prize or nothing, is determined wholly by lot or chance. The items of merchandise offered as prizes have a value substantially greater than the price paid by the purchasers of the discs or chances. In forwarding the prizes the petitioners generally sent additional push cards covering other items of merchandise.

The Commission found that this proceeding constituted a game of chance, gift enterprise, or lottery scheme; and that the petitioners were supplying and placing in the hands of others the means of conducting such game of chance, gift enterprise, or lottery scheme.

This Court found that substantially identical operations constituted (1) games of chance or lottery schemes, contrary to the established public policy of the United States, and (2) unfair acts or practices in violation of the Federal Trade Commission Act, 15 U.S.C.A. § 41 et seq. Surf Sales Co. v. F. T. C., 7 Cir., 1958, 259 F.2d 744; Goldberg v. F. T. C., 7 Cir., 1960, 283 F.2d 299; Peerless Products, Inc. v. F. T. C., 7 Cir., 1960, 284 F.2d 825, cert. den. 365 U.S. 844, 81 S.Ct. 804, 5 L.Ed.2d 809.

The petitioners contend that the public policy of the United States is not opposed to casual, social, non-professional adult[1] gambling such as is involved in their operations. They argue that such gambling is an accepted form of social activity which is not condemned by contemporary community standards from an ethical or moral point of view. They described their push board operation as necessarily limited for use between friends, neighbors, relatives, and co-workers.

After careful consideration of these and other arguments advanced by the petitioners, we have concluded that our decisions, cited above, were not in error,

and that it is now established that the practices outlined above are contrary to the public policy of the United States, and that the distribution of petitioners' push cards in interstate commerce does violate the Federal Trade Commission Act.

The petition to reverse the Federal Trade Commission's Order is denied.

---

[1] One witness before the Commission testified that her minor daughter, aged 13 years, had received a card in the mail and had sold the chances to secure one radio for herself and another for the buyer of the "lucky" chance. Many of the items offered were dolls and other toys.