## HAMILTON MFG. CO. v. FEDERAL TRADE COMMISSION.

### No. 10833.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 7, 1951.

Decided Jan. 24, 1952.

J. Bond Smith and Warren W. Grimes, Washington, D. C., for petitioner.

Donovan Divet, Special Atty., Federal Trade Commission, Washington, D. C., with whom William T. Kelley, General Counsel, Federal Trade Commission, James W. Cas-

sedy, Asst. General Counsel, Federal Trade Commission, and Alan B. Hobbes, Atty., Federal Trade Commission, all of Washington, D. C., were on the brief, for respondent.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a petition to review an order of the Federal Trade Commission issued under authority of Section 5 of the Federal Trade Commission Act.[1]

Petitioner Company manufactures and sells in interstate commerce punchboards and push cards. Some of these articles are designed in such fashion as to indicate their intended use in the sale of merchandise. Others are not so designed.

The order of the Commission directed the Company to cease and desist from "Selling or distributing in commerce, as 'commerce' is defined in the Federal Trade Commission Act, push cards, punchboards, or other lottery devices, which are to be used or may be used in the sale or distribution of merchandise to the public by means of a game of chance, gift enterprise or lottery scheme."

The objection of the Company goes to the phrase "or may be used". It insists that the clause in which that phrase appears should read "which are specially designed and intended to be used in the sale or distribution of merchandise", etc.

In its brief the Commission says, among other things: "It is possible to construe the words 'may be' as expressing either possibility or probability. The phrase is to be construed with reference to the situation. * * * To construe the words 'may be used' as employed in this order as meaning any device which can possibly be used as a lottery or game of chance would render the

order absurd and ridiculous and contrary to the public interest. * * * When the phrase 'may be used' is applied to gambling devices, it means not any device which may possibly be used for gambling, but devices which stimulate the gambling instinct and are normally and commonly used for gambling. * * * The Commission's order applies only to 'other lottery devices' which are of such a nature as to incite the gambling instinct and are normally and commonly used in the sale or distribution of merchandise to the purchasing public by means of a game of chance, gift enterprise, or lottery scheme."

The United States Court of Appeals for the Third Circuit had before it in Globe Cardboard Novelty Company, Inc., et al. v. Federal Trade Commission, 1951, 192 F. 2d 444, an order similar to the one now before us. That court declined to modify the order but limited its meaning by construction, saying, "We construe it to prohibit only the distribution in interstate commerce of any push card, punchboard or other device which is designed to serve as an instrumentality for the sale of articles of merchandise by lottery methods." The Courts of Appeals for the Fifth and Tenth Circuits have followed the same course.[2] The Courts of Appeals for the First, Second and Ninth Circuits have modified orders of the Commission somewhat along the lines now urged by the petitioner.[3]

Upon the oral argument counsel for the Commission declined to acquiesce affirmatively in a modification of the order, but he conceded, indeed asserted, that the intended scope of the order was accurately described by the amended phraseology suggested by the Company, except for the word "specially".

It seems to us to be better procedure, in that it will eliminate confusion and possible misunderstanding, to modify the order in

1. 38 Stat. 719 (1914), as amended, 15 U. S.C.A. § 45.

2. Hill v. Federal Trade Commission, 5 Cir., 1941, 124 F.2d 104; Ostler Candy Co. v. Federal Trade Commission, 10 Cir., 1939, 106 F.2d 962, certiorari denied, 1940, 309 U.S. 675, 60 S.Ct. 712, 713, 84 L.Ed. 1020.

3. Federal Trade Commission v. Charles N. Miller Co., 1 Cir., 1938, 97 F.2d 563; Sweets Co. of America v. Federal Trade Commission, 2 Cir., 1940, 109 F.2d 296; Helen Ardelle, Inc. v. Federal Trade Commission, 9 Cir., 1939, 101 F.2d 718.

accordance with a clear statement of its intended meaning, rather than to construe an admittedly ambiguous phrase. Therefore, the order of the Commission will be modified so that the paragraph in question will require the Company to cease and desist from "Selling or distributing in commerce, as 'commerce' is defined in the Federal Trade Commission Act, push cards, punch boards, or other lottery devices which are designed or intended to be used in the sale or distribution of merchandise to the public by means of a game of chance, gift enterprise or lottery scheme." As thus modified the order will be affirmed.

Modified and affirmed.