**U. S. PRINTING & NOVELTY CO., Inc. et al. v. FEDERAL TRADE COMMISSION.**

No. 11602.

United States Court of Appeals District of Columbia Circuit.

Argued May 11, 1953.

Decided June 4, 1953.

Mr. Horace J. Donnelly, Jr., Washington, D. C., with whom Mr. Arthur V. Sullivan, Jr., Washington, D. C., was on the brief, for petitioners.

Mr. Alan B. Hobbes, Special Attorney, Federal Trade Commission, Washington, D. C., with whom Mr. Robert B. Dawkins, Assistant General Counsel, Federal Trade Commission, Washington, D. C., was on the brief, for respondent.

Before PROCTOR, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

Petitioner seeks review of an order of the Federal Trade Commission.[1] The facts are essentially similar to those in Hamilton Manufacturing Co. v. Federal Trade Commission, 1952, 90 U.S.App.D.C. 169, 194 F.2d 346, 348. The order of the Commission forbids petitioner, a manufacturing printer, to sell in interstate commerce "push cards, punchboards, or other lottery devices *which are to be used, or which, due to their design, are suitable for use* in the sale or distribution of merchandise to the public by means of a game of chance, gift enterprise or lottery scheme." (Emphasis supplied.)

Petitioner urges that the recent decision of the United States Supreme Court in United States v. Halseth, 1952, 342 U.S. 277, 72 S.Ct. 275, 96 L.Ed. 308, establishes that the Federal Trade Commission has no authority over the sale of lottery devices. For the reasons given by the Ninth Circuit in Lichtenstein v. Federal Trade Commission, 1952, 194 F.2d 607, 611, this contention must be rejected. Petitioner also attacks the form of the Commission's order, alleging it to be inconsistent with our decision in Hamilton Manufacturing Co. v. Federal Trade Commission, supra. As to this, we agree with petitioner. The order of the Federal Trade Commission will be amended so as to insert, in replacement of the words italicized above, the words " 'which are designed or intended to be used' ". As thus modified, the order will be affirmed.

So ordered.

---

1. The order was issued under authority of Section 5 of the Federal Trade Act, 38 Stat. 719 (1914), as amended, 15 U.S.C.A. § 45.