**SEYMOUR SALES COMPANY, et al.,**
**Petitioners,**

**v.**

**FEDERAL TRADE COMMISSION,**
**Respondent.**

**No. 12064.**

United States Court of Appeals
District of Columbia Circuit

Argued Oct. 11, 1954.

Decided Nov. 4, 1954.

Writ of Certiorari Denied
Jan. 31, 1955.
See 75 S.Ct. 340.

---

Mr. Howard R. Koven, Chicago, Ill., of the bar of the Supreme Court of Illinois, *pro hac vice*, by special leave of Court, with whom Mr. Arnold F. Shaw, Washington, D. C., was on the brief, for petitioners.

Mr. Alan B. Hobbes, Sp. Atty., Federal Trade Commission, with whom Mr. Robert B. Dawkins, Assistant General Counsel, Federal Trade Commission, was on the brief, for respondent.

Before EDGERTON, PRETTYMAN and FAHY, Circuit Judges.

FAHY, Circuit Judge.

We are asked to set aside an order of the Federal Trade Commission requiring petitioners to cease and desist from:

"1. Supplying to or placing in the hands of others push cards, sales cards, punchboards, or other lottery devices, either with other merchandise or separately, which said push cards, sales cards, punchboards, or other lottery devices are designed or intended to be used in the sale or distribution of said merchandise to the public.

"2. Selling or otherwise disposing of any merchandise by means of a game of chance, gift enterprise, or lottery scheme."

Petitioners' main contention is that the acts which gave rise to the order occur in intrastate commerce and the Commission therefore is without jurisdiction, citing Federal Trade Commission v. Bunte Brothers, 312 U.S. 349, 61 S.Ct. 580, 85 L.Ed. 881.

The jurisdiction of the Commission is to prevent "unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce." 15 U.S.C.A. § 45(a), 52 Stat. 111–112. By definition the Act limits "commerce", insofar as here material, to commerce "among the several States." 15 U.S.C. A. § 44. In Bunte Brothers it was held that this grant of jurisdiction was not coextensive with the reach of the Commerce Clause itself and did not extend to unfair methods of competition which only affected interstate commerce. Since the commerce involved was entirely within Illinois the Court held the Commission was without jurisdiction though the in-

terstate commerce of competitors was affected by the practices. Here, as we shall see, petitioners' own commerce is interstate and the practices condemned by the Commission occur in its conduct, thus removing the case from the rule laid down in Bunte Brothers.

The findings of the Commission as to the nature and interstate characteristics of petitioners' practices are in outline as follows: Petitioners are located in Chicago. They sell and distribute cameras, pens, and other merchandise throughout the country by means of a mail order business. They send out literature and order blanks, receive orders and ship the merchandise,—all through interstate channels. They solicit, sell and distribute their merchandise in part by furnishing plans involving games of chance, gift enterprises, or lottery schemes to be conducted not at petitioners' place of business but at the point of sale to the consuming public. Included in the literature are push cards, accompanied with instructions. A typical push card bears 16 feminine names with ruled columns on its reverse side for writing in the appropriate space the name of the purchaser of a push who selects the corresponding feminine name. The push cards have 16 discs, each bearing a feminine name corresponding to one on the list. Under each disc is a number which is disclosed when the customer separates the disc from the card. One of the names appearing on the disc is also concealed under a master seal and the person selecting the name corresponding to this one receives an article of merchandise. A typical circular advises that the recipient might receive a camera or other article "almost as a gift", and explains how through the use of the push card "friends, relatives, neighbors and co-workers" can also get a camera "almost as a gift". The instructions specify the amounts to be paid for the different numbers. After selling all the chances and remitting the full proceeds to petitioners, with an order form, the operator of the push card receives without additional charge a duplicate of the prize which goes to the winner.

As the Commission found, this manner of merchandising results in the purchaser either receiving an article or receiving nothing for the amount paid, the amount is determined wholly by lot or chance, and the article has a value substantially greater than the price paid for the chance.[1]

■ It is too late seriously to entertain doubt that the facts set forth show unfair acts and practices within the meaning of § 45(a) of the Act, supra. Federal Trade Commission v. R. F. Keppel & Bro., note 1, supra. And the courts have uniformly held such means of promoting the sale of merchandise through the channels of interstate commerce to be "in commerce" as defined in § 44. Notwithstanding the actual lotteries are conducted wholly within a state they are integral parts of the sale of goods in interstate commerce. Modernistic Candies, Inc. v. Federal Trade Commission, 7th Cir., 145 F.2d 454; Lichtenstein v. Federal Trade Commission, 9th Cir., 194 F.2d 607. See, also, Colon v. Federal Trade Commission, 2d Cir., 193 F.2d 179; Brewer & Sons v. Federal Trade Commission, 6th Cir., 158 F.2d 74; Consolidated Mfg. Co. v. Federal Trade Commission, 4th Cir., 199 F.2d 417; Gay Games v. Federal Trade Commission, 10 Cir., 204 F.2d 197.[2] Our own court has ap-

---

1. No separate argument is made by petitioners that, if the Commission's order is otherwise valid and supported by the evidence, its conclusion that the practices are to the prejudice and injury of the public is unsupported. See Federal Trade Commission v. R. F. Keppel & Bro., 291 U.S. 304, 54 S.Ct. 423, 78 L.Ed. 814.

2. Petitioners' reliance upon United States v. Halseth, 342 U.S. 277, 72 S.Ct. 275, 96 L.Ed. 308, for a contrary view is misplaced. Lichtenstein v. Federal Trade Commission, supra. See, also, U. S. Printing & Novelty Co. v. Federal Trade Commission, 92 U.S.App.D.C. 298, 204 F.2d 737, certiorari denied, 346 U.S. 830, 74 S.Ct. 52.

plied this rule in two cases where the petitioner manufactured and sold the push cards in interstate commerce. Hamilton Manufacturing Co. v. Federal Trade Commission, 90 U.S.App.D.C. 169, 194 F.2d 346; U. S. Printing & Novelty Co. v. Federal Trade Commission, note 2, supra. The rule is equally applicable where, as in the case before us, the devices, though not manufactured or sold by petitioners, are shipped by them in interstate commerce and are designed to and in fact are used to suggest and encourage merchandising by gambling. Modernistic Candies, Inc. v. Federal Trade Commission, supra.

Petitioners argue that the order, meaning no doubt the findings, lacks the support of substantial evidence. There was ample evidence, however, that a great volume of mail matter is distributed by petitioners throughout the country, including the push cards and other literature to which we have referred. This proof affords adequate basis for the findings, which in turn support the order, that the cards are designed and intended to be used in the sale of goods by a lottery and that they furnish others the means of conducting lotteries in the sale of the merchandise. Moreover, an officer of the company testified that a large number of petitioners' orders came in as a result of these push cards, which he called "sales cards".

The final objection to the order is that the complaint should have been dismissed against petitioner Flavia Galter, one of the company's officers but not active in its business. The Commission did dismiss the complaint against her in her individual capacity, and no operative part of the order runs against her by name. The objection accordingly is without substance.

The order of the Commission will be enforced, and it is

Affirmed.