Carl DRATH, t/a Broadway Gift Company, Petitioner,

v.

FEDERAL TRADE COMMISSION, Respondent.

No. 13303.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 2, 1956.

Decided Dec. 13, 1956.

Writ of Certiorari Denied March 25, 1957.

See 77 S.Ct. 666.

Mr. Horace J. Donnelly, Jr., Washington, D. C., with whom Mr. Arthur V. Sullivan, Jr., Boston, Mass., was on the brief, for petitioner.

Mr. J. B. Truly, Attorney, Federal Trade Commission, pro hac vice, by special leave of Court, with whom Mr. Robert B. Dawkins, Assistant General Counsel, Federal Trade Commission, was on the brief, for respondent.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Carl Drath petitions for review of the Federal Trade Commission's order that he cease and desist from

"1. Supplying to or placing in the hands of others pull cards, push cards or any other devices which are designed or intended to be used in the sale or distribution of respondent's merchandise to the public by means of a game of chance, gift enterprise or lottery scheme.

"2. Selling or otherwise disposing of any merchandise by means of a game of chance, gift enterprise or lottery scheme."

Attending in obedience to a subpoena, Draft testified at the hearing which preceded the order. He said he had sent thousands of push cards and pull tab catalogues, "just as a sales stimulus," to persons on his mailing lists, some of whom ordered merchandise which he shipped to them. He insisted he knew nothing of what the recipients did with the push cards and other devices he sent them, and argues here that the practices interdicted by the Commission are not unfair within the meaning of § 5 of the Federal Trade Commission Act, 15 U.S.C. § 45. As we said in the Seymour Sales case,[1] the argument comes too late, as the contrary has long been established. Federal Trade Commission v. Keppel & Bro., 1934, 291 U.S. 304, 54 S.Ct. 423, 78 L.Ed. 814. Cf. Hamilton Mfg. Co. v. Federal Trade Commission, 1952, 90 U.S.App.D.C. 169, 194 F.2d 346; U. S. Printing & Novelty Co. v. Federal Trade Commission, 92 U.S.App.D.C. 298, 204 F.2d 737, certiorari denied 1953, 346 U.S. 830, 74 S.Ct. 52, 98 L.Ed. 354.

Drath further contends the cease and desist order should be set aside because the Commission unlawfully based it upon his testimony—without which, he says, the evidence was insufficient to support the order—in view of the immunity granted by § 9 of the Act, 15 U.S.C. § 49, which reads as follows:

" * * * No person shall be excused from attending and testifying or from producing documentary evidence before the commission or in obedience to the subpoena of the commission on the ground or for the reason that the testimony or evi-

---

1. Seymour Sales Co. v. Federal Trade Commission, 1954, 94 U.S.App.D.C. 403, 216 F.2d 633, certiorari denied 1955, 348 U.S. 928, 75 S.Ct. 340, 99 L.Ed. 727.

dence, documentary or otherwise, required of him may tend to criminate him or subject him to a penalty or forfeiture. But no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may testify, or produce evidence, documentary or otherwise, before the commission in obedience to a subpoena issued by it: *Provided*, That no natural person so testifying shall be exempt from prosecution and punishment for perjury committed in so testifying."

The statute does not immunize a witness from a cease and desist order, which is prospective only and has been aptly described as "purely remedial and preventative." Chamber of Commerce of Minneapolis v. Federal Trade Commission, 8 Cir., 1926, 13 F.2d 673, 685. Having determined—partly on the basis of Drath's description of his activities—that he had unlawfully used lottery devices in making interstate sales of merchandise, the Commission did no more than direct him to discontinue such practices. One is not prosecuted by being told to desist from illegal conduct, nor does he thereby suffer the imposition of a penalty or the forfeiture of any legally-protected right or property.

■ Drath attacks the order as invalid on the further ground that it was issued by only three of the five Commissioners. He urges that, except when there is a vacancy in its membership, the Commission can act in its adjudicatory capacity only when all five members participate. The agency's rule that "A majority of the members of the commission shall constitute a quorum for the transaction of business" can only be applicable, says the petitioner, to administrative functions. We think the quorum rule, which has been in effect throughout the Commission's life of more than 40 years, is a proper one, the Act being silent on the subject, and applies to all agency action. This is in accord with the general rule. Frischer & Co., Inc.

v. Bakelite Corp., Cust. & Pat.App.1930, 39 F.2d 247, certiorari denied 282 U.S. 852, 51 S.Ct. 29, 75 L.Ed. 755.

The order will be

Affirmed.