Bernard **ROSTEN**, t/a **Bern Products Company**, Petitioner,

v.

**FEDERAL TRADE COMMISSION,** Respondent.

No. 63, Docket 25140.

United States Court of Appeals Second Circuit.

Argued Jan. 7, 1959.

Decided Feb. 16, 1959.

Jerome M. Schwartz, New York City (Horace J. Donnelly, Washington, D. C., on the brief), for petitioner.

Frederick H. Mayer, Atty. for Federal Trade Commission, Washington, D. C. (Earl W. Kintner, Gen. Counsel, and James E. Corkey, Asst. Gen. Counsel for Federal Trade Commission, Washington, D. C., on the brief), for respondent.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and GIBSON, District Judge.

MOORE, Circuit Judge.

Petitioner seeks to review a cease and desist order of the Federal Trade Commission issued after proceedings upon a complaint charging petitioner with unfair acts and practices arising out of the sale and distribution of merchandise in interstate commerce by means of games of chance, gift enterprises or lottery schemes in violation of section 5(a) of the Federal Trade Commission Act, as amended, 15 U.S.C.A. § 45(a). The business was carried on by petitioner distributing in interstate commerce throughout the United States from petitioner's office, first in Chicago and then in New York, packages of advertising literature containing push cards. Accompanying the cards were instructions and circulars describing petitioner's plan of sale and distribution of merchandise. Briefly stated, a typical card contained a number of perforated disks (54 in number) bearing names which could be punched out by the customers. The punched out paper indicated the amount to be paid therefor, ranging in price from 1¢ to 39¢. Under a master seal was a name corresponding to one of the names on the disks. The person who by chance punched out this name became the prize winner. Certain other names received lesser prizes. Naturally the majority received nothing. The inducement to sell the push card was that the person selling the card and remitting its total value to petitioner would receive an article identical with that awarded as the first prize.

The Commission by subpoena obtained petitioner's testimony and that of three residents of the State of Indiana who had received the cards, sold them, remitted the proceeds to petitioner and received the merchandise and the reward for selling.

■ The proof definitely overcomes petitioner's argument that the lottery, if any, was intrastate. The underlying purpose of the merchandise selling scheme was interstate in character.

■ Petitioner next argues that since it was held in a criminal case, United States v. Halseth, 1952, 342 U.S. 277, 72 S.Ct. 275, 96 L.Ed. 308, that the mere mailing of punch board cards was not

sufficient to establish an existing lottery, there was no violation of law. There is a substantial difference between a criminal proceeding and the type of situation the Commission is authorized to regulate. This distinction is to be found in the same Halseth case where the Commission's cease and desist order [1] against him was affirmed by the Court of Appeals for the Seventh Circuit and certiorari denied by the Supreme Court, Halseth v. Federal Trade Commission, 1955, 348 U.S. 928, 75 S.Ct. 340, 99 L.Ed. 727.

■ Petitioner also claims that there was a denial of due process of law because of involuntary testimony given by him under compulsion of the Commission's subpoena. This point appears to have been passed upon directly in Drath v. Federal Trade Commission, 1956, 99 U.S.App.D.C. 289, 239 F.2d 452, 454, certiorari denied, 1957, 353 U.S. 917, 77 S.Ct. 666, 1 L.Ed.2d 664. The court there construed section 9 of the Federal Trade Commission Act, 15 U.S.C.A. § 49, as not immunizing a witness where the only relief to be granted was a cease and desist order "which is prospective only and has been aptly described as 'purely remedial and preventative'."

Petitioner next challenges the testimony of the three witnesses from Indiana and speaks of their testimony as hearsay. The testimony was not hearsay. Petitioner merely failed to appear personally or by counsel at the hearing of which he had notice.

■ Finally, petitioner's argument that the cease and desist order is legislative in character has been passed upon and rejected, National Candy Co. v. Federal Trade Commission, 7 Cir., 1939, 104 F.2d 999, certiorari denied, 1939, 308 U.S. 610, 60 S.Ct. 174, 84 L.Ed. 510.

The cases cited in support of petitioner's arguments are clearly distinguishable. Federal Communications Commission v. American Broadcasting Co., 1954, 347 U.S. 284, 74 S.Ct. 593, 98 L.Ed. 699, involved a radio give-away program where no monetary consideration was involved. United States v. Minker, 1956, 350 U.S. 179, 76 S.Ct. 281, 100 L.Ed. 185, dealt with the power to obtain testimony by subpoena from persons against whom denaturalization proceedings were in contemplation.

■ The factual situation in Seymour Sales Company v. Federal Trade Commission, 1954, 94 U.S.App.D.C. 403, 216 F.2d 633, certiorari denied, 1955, 348 U.S. 928, 75 S.Ct. 340, 99 L.Ed. 727, presented an almost identical punch card problem. There, as here, the manner of merchandising resulted "in the purchaser either receiving an article or receiving nothing for the amount paid, the amount [being] determined wholly by lot or chance, and the article [having] a value substantially greater than the price paid for the chance" (216 F.2d at page 635). The cease and desist order was affirmed.

The petition to set aside the order is denied, and the order is affirmed.