IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 24, 2024

**TINO C. SUTTON V. STATE OF TENNESSEE ET AL.**

**Appeal from the Circuit Court for Bedford County**
No. CV-14231        Robert E. Lee Davies, Senior Judge
———————————————————

**No. M2024-00760-COA-T10B-CV**
———————————————————

This is an interlocutory appeal as of right, pursuant to Tennessee Supreme Court Rule 10B, from the trial court's orders denying the petitioner's two *pro se* motions to recuse the trial court judge in the underlying restoration of citizenship action.  The petitioner based his first motion to recuse in the instant case entirely upon actions and rulings made by the trial court judge in a previous civil case.  He based his second motion to recuse on the same actions and rulings plus two additional orders, one entered by the trial court judge while the petitioner's appeal of the first recusal denial was pending.  Discerning no reversible error in the trial court judge's denial of the motions to recuse, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Circuit Court Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY ARMSTRONG, JJ., joined.

Tino C. Sutton, Pro Se.

Stephanie Renee Reevers, for the appellees, State of Tennessee and Bedford County.[1]

**OPINION**

I.  Factual and Procedural Background

On February 20, 2024, the petitioner, Tino C. Sutton, filed a "Petition for Restoration of Citizenship Rights Pursuant [to] TCA 40-29-101 *et. seq*." ("the

---

[1] The appellees have not participated in this recusal appeal.  *See* Tenn. R. Sup. Ct. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal.").

Citizenship Petition") in the Bedford County Circuit Court ("trial court"), naming as defendants the "State of Tennessee and Bedford County Tennessee, *et al*." In the Citizenship Petition, Mr. Sutton sought restoration of his "right to vote, right to hold office, and other rights," which Mr. Sutton claimed had been lost in relation to his 1997 guilty plea on "several (non-violent) drug related offenses." Mr. Sutton explained in the petition that he had been incarcerated for those offenses until 2006 and that his "11 year sentence relating to the non-violent drug charges" had since expired, opening the path for restoration of citizenship. Mr. Sutton explained that in the intervening years he had "been an active father helping his girlfriend raise and guide two very bright children in a very positive and productive course of life." Accordingly, Mr. Sutton sought "to be restored back to a lawful citizen able to vote, hold office, and/or restored back to the status of normal citizen" pursuant to Tennessee Code Annotated § 40-29-105(c)(4)(A).

On March 4, 2024, Mr. Sutton filed a motion seeking appointment by interchange of a special trial court judge to preside over the Citizenship Petition. In support of this request, Mr. Sutton asserted that he "strongly believes all judges and attorneys in the State of Tennessee could very well have some form of deep-seated judicial or attorney antagonism, hatred, and/or animus toward [Mr. Sutton] for unknown reasons, that would render any fair trial impossible." Mr. Sutton did not specifically name any judges in the motion for interchange.

On April 23, 2024, Bedford County Circuit Court Judge M. Wyatt Burk entered an order *sua sponte* recusing himself from the case pursuant to Tennessee Supreme Court Rule 10, § 2.11. On April 25, 2024, the presiding judge for Bedford County, Chancellor J. B. Cox, also entered a *sua sponte* order recusing himself based on the same rule.[2] On April 30, 2024, Tennessee Supreme Court Chief Justice Holly Kirby entered an order assigning Senior Judge Robert E. Lee Davies ("trial judge") to preside over the Citizenship Petition action. The trial judge subsequently entered an order, dated May 2, 2024, notifying the Bedford County District Attorney General ("attorney general") of the Citizenship Petition action pursuant to Tennessee Code Annotated § 40-29-103.

On May 6, 2024, Mr. Sutton filed a motion and accompanying affidavit with the trial court seeking to "recuse and disqualify" the trial judge pursuant to Tennessee Supreme Court Rule 10B. As grounds for recusal, Mr. Sutton recited several alleged actions that the trial judge had purportedly taken while presiding over another case that involved Mr. Sutton. Mr. Sutton had initiated the previous cause with the trial court against the Westmoreland Law Firm and Christopher Westmoreland ("the Westmoreland

---

[2] In his first motion to recuse the trial court judge, Mr. Sutton averred that he had filed a motion "seeking all Bedford County judges to recuse themselves" from presiding over the Citizenship Petition action, but no such motion appears in the record.

Lawsuit"). The trial judge had presided over the Westmoreland Lawsuit trial, which was conducted on May 13, 2021.

In the Westmoreland Lawsuit, Mr. Sutton had filed a complaint asserting several claims against Christopher Westmoreland and the Westmoreland Law Firm (collectively, "Westmoreland"), arising from alleged actions taken by Westmoreland when representing Mr. Sutton in a previous detainer warrant matter. At the conclusion of the trial in the Westmoreland Lawsuit, the trial judge entered an order dismissing with prejudice all of Mr. Sutton's claims against Westmoreland and taxing court costs to Mr. Sutton. In the final order entered in the Westmoreland Lawsuit, the trial judge made the following credibility determination:

> For the most part, the outcome of this trial turns upon the credibility of the witnesses. The Court finds the testimony of Westmoreland, Deputy Clerk Holder, and Judge Rich [the presiding judge over the detainer warrant] to be credible. On the other hand, the Court finds the testimony of [Mr.] Sutton to be not credible. The Court listened and observed the witnesses in this case very closely. In doing so, it finds that [Mr.] Sutton changed his testimony during the trial; that [Mr.] Sutton's testimony was contradicted by what he said at another time and by the testimony of the other witnesses; that [Mr.] Sutton attempted to evade questions; and that at times, [Mr.] Sutton's testimony bordered on the absurd.

The trial judge determined that Mr. Sutton had failed to prove his claims against Westmoreland and that Mr. Sutton's other claims failed because they had all "hinge[d] upon the credibility of [Mr.] Sutton who the Court has found not credible." Mr. Sutton timely appealed the final order in the Westmoreland Lawsuit to this Court, and this Court affirmed the decision of the trial court in its entirety. *See Sutton v. The Westmoreland Law Firm et al.*, No. M2021-01209-COA-R3-CV, 2023 WL 2579063, at *1 (Tenn. Ct. App. Mar. 21, 2023).

After Mr. Sutton's unsuccessful appeal of the Westmoreland Lawsuit, he filed a petition for contempt against the trial judge with the Tennessee Supreme Court, alleging that the trial judge had "suborned another judge named Judge Charles Rich to commit perjury at the trial heard on May 13, 2021" in the Westmoreland Lawsuit. The petition for contempt was denied by the Tennessee Supreme Court on June 27, 2023.

In his first motion to recuse in the case at bar, Mr. Sutton stated that his grounds for objecting to the appointment of the trial judge were "predicated on the previous facts, information, and evidence . . . committed by [the trial judge]" in the Westmoreland Lawsuit. Mr. Sutton then utilized the remainder of his first motion to recuse in this case to discuss and dispute the particulars of that prior action. The trial judge entered an order

denying Mr. Sutton's first motion to recuse on May 10, 2024, determining that "all of the alleged bias or prejudice set forth in Mr. Sutton's motion stem from the litigation in his prior case [the Westmoreland Lawsuit]." On May 16, 2024, Mr. Sutton timely filed an accelerated interlocutory appeal challenging the denial of his first motion to recuse. This is the first of the two recusal appeals at issue here.

After the trial judge denied Mr. Sutton's first motion to recuse, the trial court entered an order on May 24, 2024, setting the Citizenship Petition action for hearing and noting that through the attorney general, the State of Tennessee ("the State") had filed an answer and did not object to restoration of Mr. Sutton's citizenship rights. Citing Tennessee Code Annotated § 40-29-105(c), the court stated that the statutory presumption in favor of restoration of full citizenship rights "may only be overcome upon proof by a preponderance of the evidence that either the petitioner is not eligible for restoration or there is otherwise good cause to deny the petition." *See* Tenn. Code Ann. § 40-29-105(c)(3) (West August 5, 2013, to current). Citing Tennessee Code Annotated § 40-29-102, the court further stated that at the hearing, Mr. Sutton would "need to put on proof 'that ever since the judgment of disqualification, [he] has sustained the character of a person of honesty, respectability and veracity, and is generally esteemed as such by [his] neighbors." *See* Tenn. Code Ann. § 40-29-102 (West 1969 to current).

On May 28, 2024, Mr. Sutton filed a second motion and accompanying affidavit with the trial court seeking to recuse and disqualify the trial judge pursuant to Tennessee Supreme Court Rule 10B. In his second motion to recuse, Mr. Sutton repeated the allegations of the first motion. However, he also took issue with the trial judge's entry of two orders: the May 2, 2024 order notifying the attorney general of the Citizenship Petition action and the May 24, 2024 order setting the Citizenship Petition action for hearing.[3] Although Mr. Sutton described the May 2, 2024 order in his first motion to recuse as a notice to the attorney general to "specifically resist" the Citizenship Petition, he expanded on this allegation in his second motion to recuse, characterizing the order as "threatening, bullying, intimidating, and/or demanding" the attorney general to resist the Citizenship Petition. As to the May 24, 2024 order, Mr. Sutton alleged that the trial judge violated subject matter jurisdiction by setting the matter for hearing while the appeal of the first recusal denial was pending in this Court. Mr. Sutton concomitantly filed a motion for a stay of the proceedings pending appeal.

The trial court conducted the hearing as scheduled on June 3, 2024. In an order entered on June 7, 2024, the trial court, noting that the State of Tennessee had no objection to the Citizenship Petition, again instructed Mr. Sutton to produce "proof of his

---

[3] Throughout his pleadings, Mr. Sutton often refers to orders as entered on the respective dates that they were signed by the trial court judge. We note that the official date of entry for each order is reflected in the date marked or stamped by the trial court clerk. *See* Tenn. R. Civ. P. 58.

good character as required by Tenn. Code Ann. § 49-29-102" and ruled that Mr. Sutton must produce such proof "within one year from the entry of this order" to avoid dismissal of the Citizenship Petition.[4]  Noting that Mr. Sutton had filed pleadings "request[ing] a continuance, a stay of the proceedings, and continu[ing] to request the Court to recuse itself," the trial court denied "[a]ll other petitions, motions, etc. filed by Mr. Sutton."  In its order, the court stated that during the hearing, the trial judge had explained to Mr. Sutton the statutory basis for notifying the attorney general concerning the Citizenship Petition and the provision of Supreme Court Rule 10B, § 2.04 that "the filing of a petition for recusal appeal does not automatically stay the trial court proceeding."  The court referenced its previous denial of the first motion to recuse before denying "[a]ll other petitions, motions, etc. filed by Mr. Sutton."

On June 14, 2024, Mr. Sutton timely filed a second accelerated interlocutory appeal challenging the denial of his second motion to recuse.[5]  Mr. Sutton filed the second recusal appeal under the same appellate court number as the first, and given the interrelated nature of the two recusal appeals, we will address them together in this Opinion.

## II.  Issues Presented[6]

In his first recusal appeal, Mr. Sutton presents several issues for our review, which we have restated and reordered as follows:

---

[4] The trial court clarified in the June 7, 2024 order that State did not object provided that Mr. Sutton was not requesting the ability to possess a firearm.  According to the court, "Mr. Sutton concurred that he was not requesting a firearm."

[5] We note that Mr. Sutton did not certify that he served either accelerated appeal upon the adverse parties in the Citizenship Petition action, as required by Tennessee Supreme Court Rule 10B, § 2.02 ("A copy of the petition shall be promptly served on all other parties[.]").  Accordingly, we could determine that Mr. Sutton has waived all issues on appeal.  *See Valderrama v. Hurvitz*, No. E2024-00496-COA-T10B-CV, 2024 WL 1654496, at *3 (Tenn. Ct. App. Apr. 17, 2024) ("This Court has repeatedly held that the requirements of Rule 10B must be strictly followed." (quoting *StoneyBrooke Invs., LLC v. Mccurry*, No. E2024-00253-COA-T10B-CV, 2024 WL 837942, at *2 (Tenn. Ct. App. Feb. 28, 2024))).  However, in consideration of Mr. Sutton's otherwise substantial compliance with the requirements of Rule 10B, we will consider the merits of the issues raised.  *See, e.g.*, *Beaman v. Beaman*, No. M2018-01651-COA-T10B-CV, 2018 WL 5099778, at *13 (Tenn. Ct. App. Oct. 19, 2018) (considering the merits of a Rule 10B interlocutory appeal when the appellant's affidavit was in substantial compliance with the requirements of the rule).

[6] In addition to these issues, Mr. Sutton stated as a separate issue in his brief that this Court should waive the cost bond requirement for this appeal because he is indigent.  Mr. Sutton also filed a separate motion to proceed *in forma pauperis* on May 24, 2024, which motion this Court granted in an order entered on May 31, 2024.  Because this Court has previously addressed Mr. Sutton's request for waiver of the cost bond, we do not address that issue in this Opinion.

1.    Whether the trial judge violated Mr. Sutton's constitutional rights, thereby justifying recusal, by "suborn[ing]" a witness to "commit perjury" in a prior lawsuit, thus admitting certain "inadmissible" testimony into evidence and giving the adverse party a "strategic advantage."

2.    Whether the trial judge should have recused himself when Mr. Sutton made clear that he intended to compel the trial judge to testify as a "character witness" pursuant to Tennessee Code Annotated § 40-29-102.

3.    Whether the trial judge "committed a structural constitutional error, reversible error, and/or abused his discretion when he denied Mr. Sutton's motion to recuse."

4.    Whether Mr. Sutton has a "constitutional right to not consent" to the trial judge presiding over the Citizenship Petition action, in light of the judge's conduct in the Westmoreland Lawsuit, and pursuant to Article VI, Section 11 of the Tennessee Constitution and Tennessee Code Annotated § 17-2-101.

In his second recusal appeal, Mr. Sutton has raised the following additional issue, which we have restated as follows:

5.    Whether the trial judge "committed a structural constitutional error, reversible error, and/or abused [his] discretion when he entered a further order on the dispositive issues" without addressing Mr. Sutton's second motion to recuse.

III.  Standard of Review

An appeal from a trial court's order denying a motion to recuse is governed by Tennessee Supreme Court Rule 10B, which provides that a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal.  Tenn. Sup. Ct. R. 10B, § 2.01.  "The appeal is effected by filing a 'petition for recusal appeal' with the appropriate appellate court."  *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).  The standard of review is *de novo* with no presumption of correctness.  *See* Tenn. Sup. Ct. R. 10B, § 2.01.  The Tennessee Supreme Court has recently explained:

"Tennessee litigants are entitled to have cases resolved by fair and impartial judges." *Cook v. State*, 606 S.W.3d 247, 253 (Tenn. 2020) (citing *Davis* [*v. Liberty Mut. Ins. Co.*], 38 S.W.3d [560,] 564 [(Tenn. 2001)]); *see also State v. Griffin*, 610 S.W.3d 752, 757-58 (Tenn. 2020). To preserve public confidence in judicial neutrality, judges must be fair and impartial, both in fact and in perception. *Cook*, 606 S.W.3d at 253; *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). To these ends, the Tennessee Rules of Judicial Conduct ("RJC") declare that judges must "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Tenn. Sup. Ct. R. 10, RJC 1.2. Another provision declares that judges "shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially." *Id.*, RJC 2.2.

To act "impartially" is to act in "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge." *Id.*, Terminology. "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." *Id.*, RJC 2.11(A).

Rule of Judicial Conduct 2.11 "incorporates the objective standard Tennessee judges have long used to evaluate recusal motions." *Cook*, 606 S.W.3d at 255. "Under this objective test, recusal is required if 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Id.* (quoting *Davis*, 38 S.W.3d at 564-65).

The intermediate appellate courts have explained that the proponent of a recusal motion bears the burden of establishing that recusal is appropriate and that any alleged acts of bias or prejudice arise from extrajudicial sources rather than from events or observations during the litigation of the case. *Tarver v. Tarver*, No. W2022-00343-COA-T10B-CV, 2022 WL 1115016, at *2 (Tenn. Ct. App. Apr. 14, 2022). A trial judge has a duty to serve unless the proponent establishes a factual basis warranting recusal. *Raccoon Mtn. Caverns and Campground, LLC v. Nelson*, No. E2022-00989-COA-T10B-CV, 2022 WL 3100606, at *3 (Tenn. Ct. App. Aug. 4, 2022) (quoting *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *2 (Tenn. Ct. App. May 14, 2008)).

*Adams v. Dunavant*, 674 S.W.3d 871, 878-79 (Tenn. 2023). The only issue we may consider in a Rule 10B appeal is whether the trial judge should have granted the petitioner's motion to recuse. *Valderrama v. Hurvitz*, No. E2024-00496-COA-T10B-CV, 2024 WL 1654496, at *2 (Tenn. Ct. App. Apr. 17, 2024) (citing *Duke*, 398 S.W.3d at 668). We may, in our discretion, decide the appeal without oral argument, *see* Tenn. Sup. Ct. R. 10B, § 2.06, and we have determined to do so in this case.

## IV. Denial of First Motion to Recuse

### A. Actions of Trial Judge in the Westmoreland Lawsuit

Mr. Sutton's initial issue centers entirely on the trial judge's decisions and actions related to the trial in the Westmoreland Lawsuit, over which the trial judge presided on May 13, 2021. Mr. Sutton contends that (1) the trial judge "committed a structural constitutional error by suborning [another judge] to commit perjury at [the Westmoreland Lawsuit trial] for the strategic advantage and favor to have been afforded to [defendant] attorney Christopher P. Westmoreland" and (2) the trial judge then "erroneously ruled that [Mr.] Sutton had lied under oath, therefore dismissing his entire complaint with prejudice . . . ." Mr. Sutton contends that the trial judge's ruling and dismissal of the Westmoreland Lawsuit with prejudice violated Mr. Sutton's constitutional rights and amounted to "judicial misconduct" and error.

We reiterate that in reviewing a Rule 10B accelerated appeal "the only order we may review is the trial court's order [denying] a motion to recuse." *See Duke*, 398 S.W.3d at 668. Accordingly, "we may not review the correctness or merits of the trial court's other rulings[.]" *See id.* Thus, we are limited in our review to the trial court's May 10, 2024 order denying Mr. Sutton's motion to recuse and may not consider any other rulings or actions, including those made during the Westmoreland Lawsuit.

We further note that Mr. Sutton has already exercised his right to appeal the dismissal of the Westmoreland Lawsuit, and this Court entered a memorandum opinion affirming the judgment of the trial court in its entirety. *See Sutton*, 2023 WL 2579063, at *3. Not only do the parameters proscribed in Rule 10B preclude us from reviewing the trial judge's rulings in the Westmoreland Lawsuit, we find no reason to relitigate or revisit the particulars of that case. For these reasons, we find Mr. Sutton's arguments related to the trial judge's actions and rulings in the Westmoreland Lawsuit—including his urging this Court to exercise its "plenary authority" to "seek the disqualification" of the trial judge based upon the judge's actions in that lawsuit—to be unavailing.[7]

---

[7] We note that Mr. Sutton urges the exercise of plenary powers as provided in Tennessee Code Annotated § 16-3-504. That statute is inapposite to the matter at hand, as it confers a "broad conference of full, plenary and discretionary power upon the [Tennessee] supreme court" and not upon this Court.

Accordingly, we conclude that the trial judge's rulings in the Westmoreland Lawsuit do not form a proper basis for recusal in the instant action.

## B. Credibility Determination

Mr. Sutton argues that "[the trial judge] erroneously ruled that Mr. Sutton had 'lied under oath'" in the Westmoreland Lawsuit and then "re-affirmed the bad credibility ruling . . . in his order denying [Mr.] Sutton's motion to recuse." We emphasize that we are limited in our review to the trial judge's order denying Mr. Sutton's motion to recuse in the instant case. *See Duke*, 398 S.W.3d at 668. Therefore, although we do not review the credibility ruling in the Westmoreland Lawsuit, its reference in the order denying recusal shall be considered. In the order denying Mr. Sutton's motion to recuse, the trial judge recounted verbatim his credibility determination in the Westmoreland Lawsuit, in which the trial judge had concluded that Mr. Sutton's testimony was not credible for various reasons. The trial judge then determined in pertinent part:

> Here, all of the alleged bias or prejudice set forth in Mr. Sutton's motion stem from the litigation in his prior case. The party seeking recusal bears the burden of proof. . . . "To disqualify, prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participating on the case.'" *Alley v. State*, 882 S.W. 2d 810, 821 (Tenn. Crim. App. 1994).
>
> Mr. Sutton's allegations in this case are nothing more than conclusions based upon the fact that this Court ruled against him in a prior case. A claim of bias or prejudice must be based on facts, not speculation or inuendo. *Runyon v. Runyon*, [No. W2013-02651-COA-T10B,] 2014 WL 1285729, *9 (Tenn. Ct. App. [Mar. 31,] 2014). Mr. Sutton has failed to come forward with any evidence to support his assertions of bias, and therefore, his motion is not well taken.

It is well settled in Tennessee that "rulings adverse to the proponent of a recusal motion are not, standing alone, grounds for recusal." *Adams*, 674 S.W.3d at 879 (internal citations omitted); *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994) ("Adverse rulings by a trial court are not usually sufficient grounds to establish bias.") (citation omitted). Thus, the trial judge's determination that Mr. Sutton was not a credible witness does not, standing alone, present grounds sufficient for recusal in the present action.

Regarding a trial judge's general authority to determine credibility of witnesses, the Tennessee Supreme Court has explained:

Unlike appellate courts, trial courts are able to observe witnesses as they testify and to assess their demeanor, which best situates trial judges to evaluate witness credibility. *See State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990); *Bowman v. Bowman*, 836 S.W.2d 563, 566 (Tenn. Ct. App. 1991). Thus, trial courts are in the most favorable position to resolve factual disputes hinging on credibility determinations. *See Tenn-Tex Properties v. Brownell-Electro, Inc.*, 778 S.W.2d 423, 425-26 (Tenn. 1989); *Mitchell v. Archibald*, 971 S.W.2d 25, 29 (Tenn. Ct. App. 1998). Accordingly, appellate courts will not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary. *See Humphrey v. David Witherspoon, Inc.*, 734 S.W.2d 315, 315-16 (Tenn. 1987); *Bingham v. Dyersburg Fabrics Co., Inc.*, 567 S.W.2d 169, 170 (Tenn. 1978).

*Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999). Respecting a trial judge's credibility determination as it relates to potential bias or prejudice warranting recusal, the Tennessee Court of Criminal Appeals has clarified:

To disqualify [a trial judge], prejudice must be of a personal character, directed at the litigant, <u>"must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case."</u> *Id.*; *see also United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed. 2d 778 (1966); *Houston v. State*, 565 So.2d 277 (Ala. Crim. App. 1990). . . . <u>If the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge.</u> *Jack Farenbaugh and Son v. Belmont Const. Inc.*, 240 Cal. Rptr. 78, 82, 194 Cal. App. 3d 1023, 1032 (1987).

*Alley*, 882 S.W.2d at 821-22 (emphasis added).

In the final order entered in the Westmoreland Lawsuit, the trial judge found, *inter alia*, that "[Mr.] Sutton changed his testimony during the trial; that [Mr.] Sutton's testimony was contradicted by what he said at another time and by the testimony of the other witnesses; that [Mr.] Sutton attempted to evade questions; and that at times, [Mr.] Sutton's testimony bordered on the absurd." All of these credibility determinations arose from testimony given by Mr. Sutton during the Westmoreland Lawsuit trial and not from any "extrajudicial source." Moreover, there is nothing in this record to indicate that the trial judge had personal prejudice against Mr. Sutton for any reason or from any source outside those proceedings. Ergo, we conclude that the trial judge's rendering of a credibility determination adverse to Mr. Sutton in the Westmoreland Lawsuit is not

sufficient to establish bias or to disqualify the trial judge from presiding over the instant action. *See id*; *see also Ueber v. Ueber*, No. M2018-02053-COA-T10B-CV, 2019 WL 410703, at *6-7 (Tenn. Ct. App. Jan. 31, 2019) (motion to recuse lacked merit when the motion was predicated on a negative credibility determination and the movant "did not allege that the credibility determinations were made based on anything other than the evidence presented in court and the trial court's observation of [the proponent] during court proceedings.").

For the above-stated reasons, Mr. Sutton's assertion that the trial judge erred by denying his motion to recuse, as it relates to Mr. Sutton's credibility determination in the Westmoreland Lawsuit, is without merit. For similar reasons, we find Mr. Sutton's contention that recusal is warranted because he intends to call the trial judge as a "character witness," premised upon the trial judge's credibility determination in the Westmoreland Lawsuit, is also without merit.[8] Furthermore, because Mr. Sutton predicated his first motion to recuse on the trial judge's purported actions and credibility determination in the Westmoreland Lawsuit, which we have determined do not form cognizable bases for recusal, we discern Mr. Sutton's assertion that the trial judge "committed a structural constitutional error, reversible error, and/or abused his discretion when he denied Mr. Sutton's motion to recuse" to be unavailing.

## C. Consent

Mr. Sutton also asserts that he has a constitutional right to "not consent" to the trial judge's presiding over the Citizenship Petition action, citing Article VI, Section 11 of the Tennessee Constitution and Tennessee Code Annotated § 17-2-101 in support. Article VI, Section 11 prohibits trial judges from hearing any cause in which that judge may be "interested, or where either of the parties shall be connected with him by affinity of consanguinity . . . or in which he may have been of counsel, or in which he may have presided in any Inferior Court, except by consent of all the parties." Tennessee Code Annotated § 17-2-101 (West August 11, 2009, to current) similarly provides:

---

[8] Mr. Sutton states in both accelerated appeals that he plans to "legally compel" the trial judge "by subpoena" and call the judge as a witness under Tennessee Code Annotated § 40-29-102. We note that this statute, governing the evidence necessary for restoration of citizenship in Tennessee, requires "proof that ever since the judgment of disqualification, the petitioner has sustained the character of a person of honesty, respectability and veracity, and is generally esteemed as such by the petitioner's neighbors." Tenn. Code Ann. § 40-29-102. This statute does not provide a mechanism for calling the presiding judge as a character witness in such action because this would be violative of the Tennessee Rules of Evidence. *See* Tenn. R. Evid. 605 ("The judge or chancellor presiding at the trial may not testify in that trial."). In addition, Mr. Sutton posits that the trial judge "never stated in [the order denying the motion to recuse] that he would be fair toward [Mr. Sutton] in the future trial under TCA 40-29-102." Mr. Sutton has not cited any authority, and we have located none, requiring a trial judge to affirmatively state that he or she will conduct a future trial fairly and justly.

- 11 -

No judge or chancellor shall be competent, except by consent of all parties, to sit in the following cases:

> (1) Where the judge or chancellor is interested in the event of any cause;
>
> (2) Where the judge or chancellor is connected with either party, by affinity or consanguinity, within the sixth degree, computing by the civil law;
>
> (3) Where the judge or chancellor has been of counsel in the cause;
>
> (4) Where the judge or chancellor has presided on the trial in an inferior court; or
>
> (5) In criminal cases for felony, where the person upon whom, or upon whose property, the felony has been committed, is connected with the judge or chancellor by affinity or consanguinity within the sixth degree, computing by the civil law.

Upon careful review of the relevant law and the record before us, we find that Mr. Sutton has not provided evidence sufficient to render the trial judge incompetent to preside over the case at bar under either the Tennessee Constitution or Tennessee Code Annotated § 17-2-101. Courts in Tennessee have long held that to justify disqualification, it must be shown that a judge's "interest" in a particular case is a "direct pecuniary or property interest, or one which involves some individual right in the subject-matter of the litigation." *See Chumbley v. People's Bank & Trust Co.*, 57 S.W.2d 787, 788 (Tenn. 1933); *State v. Humphreys*, 40 S.W.2d 405, 406 (Tenn. 1931) ("[W]here the interest of a judge is general . . . he is not disqualified."). Here, Mr. Sutton has not shown that the trial judge held a personal interest in the instant case. Likewise, Mr. Sutton has failed to establish any of the enumerated reasons for disqualification found in either the Tennessee Constitution or § 17-2-101. Hence, the trial judge is not incompetent to preside over Mr. Sutton's Citizenship Petition action. Furthermore, although both the statute and the state Constitution provide that an otherwise incompetent judge may preside over a case "by consent of all parties," Mr. Sutton has not demonstrated a "constitutional right" to "not consent" as he asserts.[9] This argument is unpersuasive and does not support recusal.

---

[9] Mr. Sutton also predicates his argument that he possesses a "constitutional right to not consent" on an assertion that he was "denied his basic right to a fair trial" in violation of Tennessee Constitution Article

- 12 -

V.  Denial of Second Motion to Recuse

Regarding his appeal of the trial judge's denial of his second motion to recuse, Mr. Sutton contends that the trial judge "committed a structural constitutional error, reversible error, and/or abused [his] discretion" by entering an order addressing dispositive issues in the Citizenship Petition action without addressing the second motion to recuse. However, upon thorough review of the trial court's June 7, 2024 order and the record presented to us, we determine that the trial judge sufficiently addressed the additional claims raised by Mr. Sutton in his second motion to recuse. We also determine that the trial judge denied the second motion to recuse in the June 7, 2024 order. We conclude that, contrary to Mr. Sutton's argument, the trial judge did not err in exercising the trial court's subject matter jurisdiction, and we discern no error in the trial judge's denial of the second motion to recuse.

Mr. Sutton filed both motions to recuse or disqualify the trial judge pursuant to Tennessee Supreme Court Rule 10B, § 1.01. Concerning a second, or subsequent, motion to recuse or disqualify a trial judge, Supreme Court Rule 10B, § 1.01 provides:

> Any subsequent motion under this section filed in the same case must state, with specificity, <u>substantially different factual and legal grounds</u> than those relied upon in support of a prior motion filed under this section. If a party fails to satisfy this requirement, the subsequent motion may be deemed repetitive and summarily denied as provided in section 1.03.

(Emphasis added.) Rule 10B, § 1.03 provides:

> Upon the filing of a motion pursuant to section 1.01, the judge shall act promptly by written order and either grant or deny the motion. If the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion. Notwithstanding the foregoing, if a subsequent section 1.01 motion is filed in the same case but fails to state, with

I, Section 17. The section provides that "all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law[.]" Mr. Sutton has not demonstrated that he has been denied access to the courts or a hearing. To the contrary, Mr. Sutton filed the Westmoreland Lawsuit and appeal and was also able to initiate the instant action and appeal. The fact that the Westmoreland Lawsuit resulted in a credibility determination and overall ruling unfavorable to Mr. Sutton does not amount to a denial of his constitutional right to due process. *See, e.g.*, *Brooks v. Bd. of Prof'l Responsibility of Sup. Ct. of Tenn.*, 145 S.W.3d 519, 525 (Tenn. 2004) (denial of a motion for hearing and requirement that litigant pay court costs was not a denial of his "access to the courts" when litigant was allowed to file a petition to the Board and appeal that decision to the chancery court and court of appeals); *Lloyd v. Corrs. Corp. of Am.*, 855 F. Supp. 221, 223 (W.D. Tenn. 1994) ("In order to allege an unconstitutional restriction on [the] right of access to the courts . . . inmate must plead and prove he was actually impeded in his ability to conduct a particular case.") (internal citations omitted).

specificity, <u>substantially different factual and legal grounds than those relied upon in support of a previous section 1.01 motion,</u> the judge may act summarily by filing a written order denying the motion as repetitive. The judge need not require a response to the motion, conduct a hearing on it, or provide any other written explanation for denying the motion.

(Emphasis added.)

In great part, Mr. Sutton repeats the allegations set forth in his first motion to recuse within the second motion. In the trial court's June 7, 2024 order, the trial judge referenced the court's previous order denying the first motion to recuse in response to "Mr. Sutton's insistence that he needed to consent to this Court presiding over his petition." Therefore, as to the issues repetitively raised in the second motion to recuse, we find that the trial judge did not err in summarily dismissing those issues pursuant to Rule 10B, § 1.01. Furthermore, we note that we have affirmed the trial judge's denial of the first motion to recuse in a previous section of this Opinion.

However, Mr. Sutton does raise additional issues in his second motion to recuse related to the trial judge's actions in entering two orders: the May 2, 2024 order notifying the attorney general of the Citizenship Petition action and the May 24, 2024 order setting the Citizenship Petition action for hearing. Specifically, Mr. Sutton asserted in his second motion to recuse (1) that in the May 2 order the trial judge was guilty of "threatening, bullying, intimidating, and/or demanding" the attorney general to "resist" Mr. Sutton's Citizenship Petition and (2) that in the May 24 order the trial judge did not have subject matter jurisdiction to set the Citizenship Petition action for hearing while the appeal of the first recusal denial was pending. On appeal, Mr. Sutton maintains that the trial judge failed to address these issues during the June 3, 2024 hearing or in the June 7, 2024 order. We disagree.

In its June 7, 2024 order, the trial court stated:

This cause came on to be heard on the 3rd day of June, 2024 before Robert E. Lee Davies, Senior Judge, upon the petition of Tino Sutton to restore his citizenship rights and upon Mr. Sutton's pleadings in which he requested a continuance, a stay of the proceedings, and continued to request the Court to recuse itself. After argument of Mr. Sutton and the Assistant District Attorney for the State, the Court makes the following findings:

The Court explained to Mr. Sutton that contrary to his belief that the Court requested the District Attorney to file an answer because of Mr. Sutton's motion to recuse, the Court was required by Tenn. Code Ann. § 40-29-105(c)(4)(A) to notify the District Attorney General in whose county

- 14 -

the Petitioner resides, in the event the District Attorney General wished to object to the restoration of the Petitioner's citizenship rights. The Court then addressed Mr. Sutton's insistence that he needed to consent to this Court presiding over his petition. The Court explained to Mr. Sutton that neither he nor any other litigant has the right to consent to a particular judge presiding over their case. The remedy is a motion to recuse; however, Supreme Court Rule 10B 2.04 does not require a stay of the proceedings once the trial court has entered an order denying the motion to recuse, which was entered on May [10], 2024.[10]

Assistant District Attorney General Michael Randers appeared on behalf of the State and indicated the State did not oppose Mr. Sutton's petition with the exception of Mr. Sutton's ability to possess a firearm. Mr. Sutton concurred that he was not requesting the right to possess a firearm. The Court then informed Mr. Sutton that based upon the State's Answer, it would grant his petition to restore his rights of citizenship (with the exception of a firearm) contingent on Mr. Sutton filing affidavits of his neighbors or other persons who know him that since the judgment of disqualification, he has sustained the character of a person of honesty, respectability and veracity, and is generally esteemed by his neighbors.

Mr. Sutton indicated that he did not wish to pursue his petition until his appeal was resolved. The Court informed Mr. Sutton that his petition would not be granted until he produced proof of his good character as required by Tenn. Code Ann. § 49-29-102. Accordingly, the entry of a final order restoring Mr. Sutton's rights of citizenship is in his hands. However, if no action has been taken by Mr. Sutton within one year from the entry of this order, the petition will be dismissed. All other petitions, motions, etc. filed by Mr. Sutton are DENIED.

In a footnote to the order, the trial court added: "Mr. Sutton files affidavits, requests, motions, and other 'pleadings' which are difficult to decipher. At the hearing on June 3, 2024, the Court attempted to address all of the issues raised by Mr. Sutton."

Mr. Sutton has filed a statement of the evidence with this Court that purportedly reflects what occurred during the June 3, 2024 hearing, including some type of transcription of what was said during the hearing. Mr. Sutton presents this statement of

---

[10] In its June 7, 2024 order, the trial court stated the date of entry for the order denying the first motion to recuse as May 24, 2024. Given that the "Order on Motion to Disqualify" denying the first motion to recuse or disqualify was undisputedly signed by the trial judge on May 8, 2024, and entered by the trial court on May 10, 2024, we determine this typographical error to have been harmless.

the evidence as filed pursuant to Tennessee Rule of Appellate Procedure 24(c). However, although Mr. Sutton included a "certificate of service" to the trial judge, there is no indication that the statement was filed with the trial court or served on the State, which was the adverse party represented at the hearing, pursuant to Rule 24(c). There is also no indication that the statement of the evidence was reviewed or approved by the trial court pursuant to Rule 24(e). Therefore, we cannot accept the statement of the evidence as an accurate reflection of the hearing. However, we note that even in this description of the hearing provided by Mr. Sutton, it is evident that the trial judge addressed the matters set forth in the court's June 7, 2024 order with the parties.

As to the first of the trial judge's actions challenged by Mr. Sutton's second motion to recuse, the trial judge explained, as stated in the order, that the court did not enter the May 2, 2024 order notifying the attorney general of the Citizenship Petition action as retaliation for Mr. Sutton's filing of the first motion to recuse. Instead, as the trial judge explained, "the Court was required by Tenn. Code Ann. § 40-29-105(c)(4)(A) to notify the District Attorney General in whose county the Petitioner resides, in the event the District Attorney General wished to object to the restoration of the Petitioner's citizenship rights." Tennessee Code Annotated § 40-29-105(c)(4)(A) provides in pertinent part that when "a person rendered infamous by virtue of being convicted of a felony on or after July 1, 1996" files a petition for restoration of full rights of citizenship,

> Prior to acting on any petition filed pursuant to this subsection (c), the court shall notify the district attorney general in whose county the petitioner resides and the district attorney general of the county in which the conviction occurred that a petition for restoration of citizenship has been filed by the petitioner. The notice shall be sent at least thirty (30) days prior to any hearing on or disposition of the petition. Each district attorney general so notified may object to the restoration of the petitioner's citizenship rights either in person or in writing[.]

In his second motion to recuse, Mr. Sutton alleged that through the May 2, 2024 order, the trial judge "threaten[ed], bull[ied], intimidate[ed], and/or demand[ed]" that the attorney general "resist" the Citizenship Petition action. However, in the May 2, 2024 order, the trial court referenced and tracked the language of § 40-29-105(c)(4)(A). The court also referenced and tracked the language of Tennessee Code Annotated § 40-29-103 (West 1983 to current), which provides in relevant part:

> Before the petition of a person rendered infamous or deprived of the rights of citizenship by the judgment of a state court is heard, the district attorney general in whose county the petitioner currently resides and the district attorney general of the county in which the petitioner was convicted shall

have twenty (20) days' notice of the petition in order that, if deemed advisable, each may <u>resist</u>.

(Emphasis added.) The trial judge explained in the June 7, 2024 order that in entering the May 2, 2024 order, the court had been following its statutory duty to notify the attorney general. The trial judge simply invoked the appropriate statutory language and did not add any "threatening, bullying, intimidating, and/or demanding" language or demonstrate any prejudice or bias against Mr. Sutton through the order notifying the attorney general. We determine that Mr. Sutton's challenge to the trial judge's impartiality in entering the May 2, 2024 order is without merit, and Mr. Sutton's allegation was sufficiently addressed by the trial judge in the court's June 7, 2024 order.

Concerning Mr. Sutton's challenge to the trial court's subject matter jurisdiction to enter the May 24, 2024 order setting the Citizenship Petition action for hearing while Mr. Sutton's recusal appeal was pending, the trial judge specifically found in the June 7, 2024 order that it did have authority to conduct the hearing. Stating that the court was "address[ing] Mr. Sutton's insistence that he needed to consent to this Court presiding over his petition," the trial judge "explained to Mr. Sutton that neither he nor any other litigant has the right to consent to a particular judge presiding over their case." The trial judge continued to explain in the order that the "remedy is a motion to recuse" but that "Supreme Court Rule 10B 2.04 does not require a stay of the proceedings once the trial court has entered an order denying the motion to recuse." We agree with the trial judge on this point, and we note that Mr. Sutton actually acknowledged this point in his motion to stay the proceedings in the trial court.

As our Supreme Court has recently elucidated:

> "[S]ubject matter jurisdiction refers to a court's lawful authority to adjudicate a controversy" and it is "conferred and defined by the Tennessee Constitution and statutes." *Cox v. Lucas*, 576 S.W.3d 356, 359 (Tenn. 2019); *see also In re Baby*, 447 S.W.3d 807, 837 (Tenn. 2014) ("Subject matter jurisdiction refers to a court's authority to adjudicate a particular case or controversy and depends on the nature of the cause of action and the relief sought. Courts have subject matter jurisdiction only when conferred by statute or by a provision of the state or federal constitution." (internal quotation marks and citations omitted)); *Subject-matter Jurisdiction*, *Black's Law Dictionary* (11th ed. 2019) ("Jurisdiction over the nature of the case and the type of relief sought").

*In re Conservatorship of Malone*, ___ S.W.3d ___, ___No. W2024-00134-SC-T10B-CV, 2024 WL 2826486, at *4 (Tenn. June 4, 2024).

- 17 -

Regarding the effect of a recusal appeal petition, Tennessee Supreme Court Rule 10B, § 2.04 provides:

> The filing of a petition for recusal appeal does not automatically stay the trial court proceeding. However, either the trial court or the appellate court may grant a stay on motion of a party or on the court's own initiative, pending the appellate court's determination of the appeal.

On May 28, 2024, four days after the trial court entered its order setting the case for hearing, Mr. Sutton filed a motion to stay the proceedings in the trial court pending the resolution of his first recusal appeal.

Given that the trial judge responded to Mr. Sutton's additional arguments in the second motion to recuse in the court's June 7, 2024 order, we discern that Mr. Sutton's motion to stay was one of the "petitions, motions, etc. filed by Mr. Sutton" that was denied by the trial court in the conclusion of its June 7 order. *See Sanjines v. Ortwein & Assocs., P.C.*, 984 S.W.2d 907, 909 (Tenn. 1998) ("[Q]uestions of stay or continuance are matters entrusted to the sound discretion of the trial judge.").[11] In any event, our Supreme Court has held that a stay imposed by an appellate court in an interlocutory recusal appeal does not divest the trial court of subject matter jurisdiction over the case as a whole. *Malone*, ___ S.W.3d at ___, 2024 WL 2826486, at *3.

Mr. Sutton contended in his second motion to recuse that the trial judge's entry of the May 24, 2024 order setting the Citizenship Petition action for hearing was due to judicial "anger" at the attorney general's lack of opposition to the Citizenship Petition and that the order exhibited bias toward Mr. Sutton because of a quick court setting. Again, we find that in the June 7, 2024 order, the trial judge explained the statutory process the court followed for notifying the attorney general. Additionally, the trial judge noted the attorney general's lack of opposition to the Citizenship Petition in the June 7 order without any hint of anger or disappointment. As to what Mr. Sutton views as a quick setting for the hearing, this appears to be an additional aspect of his argument that the trial court should have waited for the result of Mr. Sutton's first accelerated appeal before setting the hearing. However, as explained above, the trial court had subject

---

[11] We perceive Mr. Sutton's issue with the trial court's entry of the order setting the Citizenship Petition action for hearing to involve subject matter jurisdiction. To the extent that Mr. Sutton also may intend to raise an issue regarding the trial judge's declination to stay the proceedings pending recusal appeal, we find the court's action in this regard to have been within its discretion. *See In re Estate of Greenamyre*, 219 S.W.3d 877, 886 (Tenn. Ct. App. 2005) ("[A] trial court will be found to have 'abused its discretion' only when it applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party.") (internal citations omitted).

matter jurisdiction to conduct the hearing while the first appeal was pending, and the trial judge explained this to Mr. Sutton.

Mr. Sutton also averred in his second motion to recuse that the trial judge had set the hearing for June 3, 2024, "just to financially attack the petitioner with burdensome orders causing him to have to unnecessarily expend judicial and personal money, time, and other resources to deflect such void order." This allegation could only be valid if the resultant order were void due to a lack of subject matter jurisdiction, as Mr. Sutton argues. However, inasmuch as the trial court properly maintained subject matter jurisdiction to conduct the June 3, 2024 hearing and enter the June 7, 2024 order, we find that Mr. Sutton's allegation regarding burdensomeness is unmerited. Moreover, the trial judge explained the reason that the court retained subject matter jurisdiction to Mr. Sutton.

We determine that Mr. Sutton's challenge to the trial judge's impartiality and competence in exercising subject matter jurisdiction to enter the order setting the case for hearing is without merit. We further determine that Mr. Sutton's allegations were sufficiently addressed by the trial judge in the court's June 7, 2024 order.

Contrary to Mr. Sutton's argument on appeal, we conclude that the trial judge did properly address the issues raised in Mr. Sutton's second motion to recuse that were not repetitive of the issues raised in the first motion to recuse. Ideally, it would have been clearer in the two-page June 7, 2024 order if the trial court had first expressly denied Mr. Sutton's motion to stay the proceedings, then expressly denied his second motion to recuse, and then set forth substantive findings in relation to the State's lack of objection to the Citizenship Petition action and the statutory requirements not yet met by Mr. Sutton. However, the trial judge did explain his reasons for rejecting Mr. Sutton's second motion to recuse in the beginning of the order, and apart from the Citizenship Petition, the court clearly denied all petitions and motions that had been filed by Mr. Sutton, including the second motion to recuse.

In his second petition for recusal appeal, Mr. Sutton also sets forth various complaints concerning the trial judge's attitude toward him during the June 3, 2024 hearing and what he terms the judge's "con, scheme, or bribe" of a potential favorable outcome to the Citizenship Petition action. We emphasize that we do not have an approved Tennessee Rule of Appellate Procedure 24 statement of the evidence before us reflecting what occurred during the June 3, 2024 hearing. However, we note that even considering Mr. Sutton's attempt to transcribe the hearing in his "statement of the evidence," we discern no indication of partiality or bias on the trial judge's part. As stated above, we also discern no indication of the "anger" that Mr. Sutton alleges the judge felt at the attorney general's lack of opposition to the Citizenship Petition. Mr. Sutton's complaints in this regard are unavailing.

Finally, Mr. Sutton postulated in his second motion to recuse, as he does on appeal, that the cumulative effect of the trial judge's rulings, culminating in the judge's acts of setting and conducting the June 3, 2024 hearing, represent "a misapplication of fundamental, rudimentary legal principles that demonstrate bias, prejudice, and a deep seated antagonism toward the petitioner." In support of this assertion, Mr. Sutton relies on the principle previously stated by this Court that "in rare situations, the cumulative effect of the 'repeated misapplication of fundamental, rudimentary legal principles that favor[ ] [one party] substantively and procedurally' can be the basis for recusal." *See Krohn v. Krohn*, No. M2015-01280-COA-T10B-CV, 2015 WL 5772549, at *7 (Tenn. Ct. App. Sept. 22, 2015) (quoting *Hoalcraft v. Smithson,* No. M2000-01347-COA-R10-CV, 2001 WL 775602, at *16-17 (Tenn. Ct. App. July 10, 2001)). However, having reviewed Mr. Sutton's allegations regarding the trial judge's actions and having discerned no such misapplication of fundamental, rudimentary legal principles on the trial judge's part, we find no basis for recusal in the cumulative effect of the trial judge's rulings.

We therefore conclude that the trial judge properly addressed and denied Mr. Sutton's second motion to recuse and did not err in exercising the trial court's subject matter jurisdiction over the Citizenship Petition action. Mr. Sutton again failed to demonstrate evidence sufficient to render the trial judge incompetent to preside over the Citizenship Petition action.

## VI. Conclusion

For the foregoing reasons, pursuant to Tennessee Supreme Court Rule 10B, we affirm the trial court's May 10, 2024 order denying Mr. Sutton's first motion to recuse and the portion of the trial court's June 7, 2024 order denying Mr. Sutton's second motion to recuse. *See Duke*, 398 S.W.3d at 668 ("[W]e may not review the correctness or merits of the trial court's other rulings[.]"). Mr. Sutton's motion for a stay pending appeal, filed on May 31, 2024, is denied as moot. This case is remanded to the trial court for further proceedings consistent with this Opinion.

s/ Thomas R. Frierson, II_____
THOMAS R. FRIERSON, II, JUDGE